■ In the Matter of DORSE G. BROADUS, Petitioner, v CITY OF NEW YORK POLICE DEPARTMENT (LICENSE DIVISION), Respondent. [878 NYS2d 738]—

Determination of respondent Police Department (License Division), dated November 3, 2005, revoking petitioner's pistol license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paul G. Feinman, J.], entered June 20, 2008), dismissed, without costs.

The finding that petitioner lacks the good moral character required to possess a pistol license (Penal Law § 400.00 [1] [b]) is rationally supported by evidence of petitioner's arrest under Vehicle and Traffic Law § 1192 for driving while intoxicated, possession of a loaded firearm when arrested, refusal to take a breathalyzer test in violation of Vehicle and Traffic Law § 1194, subsequent conviction under Vehicle and Traffic Law § 1192 (1) for driving while his ability to drive was impaired by alcohol, failure to immediately notify respondent of his arrest in violation of 38 RCNY 5-30 (a) and (d), and failure to immediately voucher his second firearm in violation of 38 RCNY 5-30 (f) (see Matter of Papaioannou v Kelly, 14 AD3d 459 [2005]; Matter of Olivera v Kelly, 23 AD3d 216 [2005], lv denied 6 NY3d 709 [2006]). We note petitioner's testimony that the reason he failed to immediately voucher his second firearm in response to respondent's directive was because he never used the second firearm and had forgotten about it. Such explanation, in the face of petitioner's license application and four biannual renewals listing the second firearm, rationally supports respondent's reliance on petitioner's violation of 38 RCNY 5-30 (f), notwithstanding the Hearing Officer's characterization of the explanation as "lame but not necessarily inaccurate." We have considered petitioner's arguments based on the Hearing Officer's other findings of credibility and her recommended penalty of only a suspension, and find them unavailing (38 RCNY 15-28). The penalty of revocation does not shock our conscience. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.