■ In the Matter of FRANK LEPORE, Petitioner, v RAYMOND KELLY et al., Respondents. [979 NYS2d 801]—

Determination of respondent New York City Police Department, dated August 5, 2010, which revoked petitioner's Carry Business handgun license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Manuel J. Mendez, J.], entered May 16, 2011), dismissed, without costs.

Respondent's determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Petitioner conceded at the administrative hearing that he failed to immediately notify the License Division of his arrest (*see* 38 RCNY 5-30 [a], [c] [1]; [d]; *Matter of Broadus v City of N.Y. Police Dept. [License Div.]*, 62 AD3d 527, 528 [1st Dept 2009]), and that during the altercation with the restaurant parking attendant, he publicly displayed his handgun after unholstering it (*see* 38 RCNY 5-22 [a] [11]; [b] [5]; 5-30 [b] [7]). Petitioner also failed to notify the License Division when an order of protection was issued against him (*see* 38 RCNY 5-30 [c] [5]; *Matter of Logan v Kelly*, 89 AD3d 602 [1st Dept 2011]), and of his change of address within 10 calendar days after the change became effective (38 RCNY 5-22 [c] [2]; 5-29 [a] [1] [i]; *see Matter of Papaioannou v Kelly*, 14 AD3d 459, 460 [1st Dept 2005]). There exists no basis to disturb the credibility determinations of the Hearing Officer (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Concur—Sweeny, J.P., Andrias, Freedman, Richter and Clark, JJ.