■ In the Matter of JOSEPH A. PELOSE, Petitioner, v COUNTY COURT OF WESTCHESTER COUNTY et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent County Court Judge, dated February 13, 1975, which, after a hearing, revoked petitioner's license to carry a pistol. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The procedure employed in revoking the petitioner's pistol license involved no infringement of his constitutional rights and complied sufficiently with the requirements of the due process clause of the Fourteenth Amendment. The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument. While a validly issued pistol license is an entitlement which should be protected from arbitrary and unreasonable government action adversely affecting its continued enjoyment, the due process protection of an article 78 proceeding is sufficient to serve this purpose (see *Matter of Horodner v Fisher,* 38 NY2d 680). We hold, upon the record in this proceeding, that the determination of the licensing officer was neither arbitrary nor capricious. It is uncontroverted that the petitioner was arrested in April, 1968 for unlawfully carrying a pistol aboard an airplane. As the licensing officer concluded, this conduct not only constituted a violation of Federal and State law, but also evinced an insensibility to the rights and safety of the crew and passengers of that flight. Additionally, the apparent lack of candor and the irritability of the petitioner at the hearing, as noted by the licensing officer, in and of themselves would warrant the revocation of the license. Although not crucial to our determination, it also appears that the petitioner has been recently convicted of tax evasion. Finally we note that Special Term should have determined the proceeding; however, it having been transferred to this court, we may determine all of the issues

(see *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.