OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiff seeks declaratory judgment "that the defendants-respondents lack statutory authority to place an expiration date on plaintiff-petitioner’s firearms license, or to require that plaintiff-petitioner submit 'a renewal application’ for said license.”
FACTUAL BACKGROUND
Plaintiff was issued a pistol permit by defendant Cortland *183 County Judge Charles Mullen in 1978. Defendant Judge Mullen has fixed expiration dates for said license and required its renewal in 1982, 1986, and 1990. This determination is limited to a declaration of defendant’s statutory authority to limit the duration of pistol permits, based upon interpretation of the relevant provisions of the Penal Law. Related issues and requests for ancillary relief were disposed of on procedural grounds by the prior decision of this court dated January 25, 1991.
CONCLUSIONS OF LAW
Defendant Mullen is the duly elected Cortland County Judge and in such capacity has broad discretionary powers. (NY Const, art VI, § 11.)
The issuance of pistol permits, however, involves the exercise of an administrative function and, as such, the County Judge is constrained to strict adherence to legislative authority. Legislative authority is found in the Penal Law and provides:
”§ 265.00 * * *
”10. 'Licensing officer’ means * * * elsewhere in the state a judge or justice of a court of record having his office in the county of issuance.
"§ 400.00 * * *
"1. Eligibility. No license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true. No license shall be issued or renewed except for an applicant (a) of good moral character; (b) who has not been convicted anywhere of a felony or a serious offense; (c) who has stated whether he has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness; and (d) concerning whom no good cause exists for the denial of the license. * * *
"3. Applications, (a) Applications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the city or county, as the case may be, where the applicant resides * * *
”10. * * * Elsewhere than in the city of New York and the counties of Nassau and Suffolk, any license to carry or possess a pistol or revolver, issued at any time pursuant to this *184 section or prior to the first day of July, nineteen hundred sixty-three and not previously revoked or cancelled, shall be in force and effect until revoked as herein provided. * * *
”11. License: revocation. The conviction of a licensee anywhere of a felony or serious offense shall operate as a revocation of the license.
"A license may be revoked and cancelled at any time in the city of New York, and in the counties of Nassau and Suffolk, by the licensing officer, and elsewhere than in the city of New York by any judge or justice of a court of record. The official revoking a license shall give written notice thereof without unnecessary delay to the executive department, division of state police, Albany, and shall also notify immediately the duly constituted police authorities of the locality.”
Discretion is afforded the County Judge as an issuing officer to grant the license in the first instance, and to designate the type of license to be issued once approval is given. (Penal Law § 400.00 [1], [2]; 1972 Opns Atty Gen 4.)
While regular expirations and renewals are provided for in Nassau and Suffolk Counties, and New York City, no such provision is extant throughout the remaining counties of the State. (Penal Law § 400 [10].)
Authority exists to revoke such license after proper charges and hearing. (Matter of Pelose v County Ct. of Westchester County, 53 AD2d 645 [2d Dept 1976]; Penal Law § 400 [11].)
No authority exists, however, for periodic reviews of licensee status in upstate counties. In this instance the County Judge is limited to applying the intent of the Legislature as set forth in the statute and may not make public policy determinations which go beyond the legislative edict. (Nettleton Co. v Diamond, 27 NY2d 182 [1970]; Matter of Campagna v Shaffer, 73 NY2d 237 [1989].)
The legislation makes no provision for the imposition of a time limitation on the pistol permit and accordingly the County Judge is without authority to adopt such practice. (1961 Atty Gen [Inf Opns] 85; 1974 Atty Gen [Inf Opns] 170.)
Defendant Judith Riehlman is the Cortland County Clerk and as such is limited to the administrative duties involved in filing the pistol permit application. (Penal Law § 400 [5].)
Plaintiff is entitled to judgment declaring that the defendants lack statutory authority to place an expiration date on the firearms license issued by defendant to plaintiff.