■ In the Matter of PAUL F. FONDACARO, Respondent, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, Appellant. [652 NYS2d 604] —Order, Supreme Court, New York County (David Saxe, J.), entered May 31, 1995, insofar as it granted petitioner's motion for an order directing respondent to grant petitioner a New York City handgun carry license, unanimously reversed, on the law and the facts, without costs, the motion denied and the petition dismissed.

Petitioner is a physician who resides in New Jersey and practices at Lenox Hill Hospital, located at 130 East 77th Street, New York, New York. By application dated March 1, 1993, petitioner applied to the License Division of the New York City Police Department for a pistol carry license, which would authorize him to carry a handgun within New York City without restriction. Petitioner's application was denied pursuant to a Notice of Disapproval dated June 3, 1993. The notice stated that petitioner did not keep substantial cash on hand or make frequent bank deposits and that he failed to distinguish himself "from the countless others in every type of occupation in New York City" who work without a pistol license.

Petitioner subsequently filed an administrative appeal with the License Division, maintaining, inter alia, that he needs the permit to "protect and defend his life when he is called to perform emergency surgery and [must traverse] the streets of this city at all hours of the day and night". By letter dated July 29, 1993, the License Division denied the appeal on the

same grounds upon which the application was denied originally, and also cited to the "low crime area" where petitioner works, his "type of business" as well as his "New Jersey residence" and "lack of authorization from Lenox [Hill] Hospital" as additional considerations.

Petitioner thereafter commenced the underlying CPLR article 78 proceeding seeking a judgment directing respondent to issue a pistol carry license to petitioner. In the alternative, petitioner sought an order remanding the matter to the respondent for further hearings so that petitioner could explain how he was distinguishable from others in the City who do not qualify for the permit; or an order remanding the matter to the respondent for further explanation as to why petitioner is different from several hundred other doctors who have received the license at issue. Annexed to the petition were letters granting the applications of various physicians for a carry license, who petitioner argued had no greater need than he.

Respondent answered that the other physicians who had been granted permits "either practiced in, or were active in, high crime areas" and that petitioner "travels by car from New Jersey to his office in the upper east side of Manhattan which is a relatively low crime area." Petitioner retorted that he needs the permit to protect himself "in the middle of the night" and reiterated that other doctors with equal or less need than he have been granted the license in question. In order to emphasize the latter point, petitioner notes that one of the physicians who had previously been granted a permit, a Dr. Raul Lugo, is also affiliated with Lenox Hill.

Respondent then submitted a sur-reply affidavit by Inspector Walter Signorelli, who averred that there were no inconsistencies in the issuance of the pistol licenses to the other doctors named by petitioner, and that while Dr. Lugo does work at Lenox Hill, he regularly travels in the area of West 108th Street in Manhattan, "statistically a high crime area". Petitioner's attorney, in an affirmation submitted in response to the sur-reply, maintains that the fact that petitioner drives into the City from New Jersey and the other doctor drives from the upper West Side of Manhattan is a negligible difference and does not warrant making a distinction between the two men. Petitioner, also in response to the sur-reply, noted in an affidavit that: "I understand that I cannot carry a firearm on my person in New Jersey, where I reside, unless I obtain a carry permit in that jurisdiction. As the affidavit I submitted along with my application for a carry permit to the NYCPD states, *I am aware of the fact that a registered firearm issued in*

*connection with my professional duties in the city of New York must be transported unloaded and in a locked box when I travel to my private house in New Jersey.*" (Emphasis added.)

By decision and order entered June 17, 1994, the IAS Court found the respondent's decision to deny petitioner the requested license to be arbitrary and capricious, holding that respondent had "failed to provide an explanation why it distinguished petitioner from other similarly situated applicants to whom carry permits were issued," specifically from Dr. Lugo, whose "circumstances appear[ ] to parallel petitioner's." The court granted the petition "to the extent that this matter is remanded to respondent for further proceedings in accordance with this decision". It is important to note that the IAS Court, in rendering its decision, from which no appeal has been taken, specifically stated that the postargument sur-reply submissions and responses had been considered therein.

The License Division, by letter dated October 3, 1994, informed petitioner that after reconsideration of his application "in accordance with the decision of Justice Saxe", it was again denying the same on the ground that petitioner is not licensed to carry a handgun in the State of his residence. Petitioner responded by citing to section 2C:39-6 (g) of the New Jersey Statutes Annotated, which authorizes an individual not in possession of a firearm permit to transport a handgun by motor vehicle provided the weapon is carried unloaded and contained "in a closed and fastened case, gunbox, securely tied package, or locked in the trunk of the automobile in which it is being transported". Petitioner averred that he would abide by New Jersey's statutes and either obtain a permit in that State or secure the weapon accordingly.

Respondent acknowledged petitioner's response but, apparently concerned with the logistics of the method by which petitioner planned on complying with the New Jersey statute, again denied the application by letter dated November 1, 1994. Respondent stated: "In previous communications to the License Division, Dr. Fondacaro has indicated that he wishes to carry a loaded handgun on his person when, in connection with his employment at Lenox Hill Hospital, he walks the several blocks from where he must park his car to the hospital and, later, from the hospital to his car. Dr. Fondacaro has further indicated that he must often travel from his home to Lenox Hill late at night in response to medical emergencies. Under those circumstances, and as Dr. Fondacaro has acknowledged, compliance with the above-cited New Jersey statute would require him to unsecure and load his weapon while enroute to

Lenox Hill and to unload and secure that weapon while enroute from the hospital to his residence. That is an extremely unsafe and inappropriate practice, with great potential for accidents or other mishaps. For this reason, we are unable to determine that no good cause exists for the denial of the requested license, as required by Penal Law Section 400.00 (1)."

Petitioner, by Order to Show Cause made returnable on March 1, 1995, moved for an order holding the Police Commissioner and Corporation Counsel in contempt of court and for a further order directing respondent to issue petitioner a pistol carry license. Respondent replied by reiterating that petitioner's apparent plan to stop his automobile somewhere before the New Jersey border, unload his weapon, and place it in the trunk of his car would be very dangerous and unsafe as the gun could discharge, injuring himself or a bystander, or petitioner could be observed and robbed of the weapon.

The IAS Court denied so much of the Order to Show Cause as sought to have respondent held in contempt, but granted the motion to the extent of directing respondent "to issue petitioner a carry permit pursuant to this court's prior order of June 10, 1994." The court held that its prior remand for further proceedings did not entitle the respondent to review petitioner's application de novo. Respondent appeals and we reverse.

Initially, we disagree with the IAS Court's characterization of the respondent's determination after remand to be the product of a de novo review. The final denial of petitioner's pistol application was clearly based upon a ground specifically raised in respondent's answer and sur-reply papers concerning the asserted problem petitioner would have in complying with section 2C:39-6 of the New Jersey Statutes Annotated, which the IAS Court, in its discretion, chose to consider in its June 1994 decision and order. In addition, an examination of the IAS Court's first order makes it clear that its conclusion that the respondent's denial was arbitrary and capricious was based on the rationale that Dr. Lugo's circumstances appear to parallel petitioner's and that Dr. Lugo was granted a carry permit. The IAS Court did not address the issue of petitioner's residence, which was also a ground upon which petitioner's application was denied. The foregoing, coupled with the IAS Court's cryptic remand "for further proceedings", certainly left the door open for respondent to reaffirm its original denial of the application on residence and transport grounds, which were raised in respondent's sur-reply and the postargument submissions, and which the court did not expressly rule upon in its June 10, 1994 order.

It is well settled that the possession of a handgun license is a privilege, not a right, the issuance of which is committed to the broad discretion of the New York City Police Commissioner in accordance with the Administrative Code of the City of New York and Penal Law § 400.00 (*Matter of Tartaglia v Kelly*, 215 AD2d 166; *Sewell v City of New York*, 182 AD2d 469, *lv denied* 80 NY2d 756; *Matter of Caruso v Ward*, 160 AD2d 540, *lv denied* 76 NY2d 706). Further, the only issue for consideration by the court is whether the administrative determination, in this case whether petitioner qualifies for the license in question, was arbitrary and capricious or an abuse of discretion (*Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Milo v Kelly*, 211 AD2d 488; *Sable v McGuire*, 92 AD2d 805).

In the matter at bar, we find respondent's denial of petitioner's pistol carry license was not based upon a de novo review and was neither arbitrary and capricious nor irrational. Clearly, petitioner's apparent intention to load and unload his pistol in his car, either parked or on a roadway of the City of New York, provides a firm basis upon which respondent exercised its discretion to deny the application, as a matter of public safety is implicated. Concur—Rosenberger, J. P., Rubin, Ross, Tom and Andrias, JJ.