■ In the Matter of MEILECH FASTAG, Respondent, v BERNARD KERIK, as Police Commissioner of the City of New York, Appellant. [743 NYS2d 428] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered February 27, 2001, which granted the petition challenging the Police Commissioner's determination to revoke petitioner's pistol licenses, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

The evidence at the administrative hearing established that in 1990 petitioner falsified documents in support of a friend's application for a concealed handgun permit. Petitioner claimed that the applicant was a courier and salesman for his company, when in fact the applicant had never been an employee of his company and it had been three years since he had last done any favors or errands for petitioner, for which he was not compensated. Petitioner testified at a deposition taken in 1998 and 1999 in connection with an unrelated civil litigation that he did not understand the meaning of the terms "employment" or "employed" and thought that they could apply to an unpaid person who did "favors" for him from time to time. At the hearing in 2000, petitioner continued to deny any wrongdoing and to insist that he misunderstood the term "employ." In addition, he placed the blame for his conduct on his friend and on a pistol license consultant who he claimed wrongly advised him that he was doing nothing illegal. The hearing officer found petitioner's excuses "lame and not credible."

The evidence constitutes a rational basis for respondent's determination that petitioner lacks the moral character to possess firearms (*see, Sewell v City of New York*, 182 AD2d 469, 472, 473, *lv denied* 80 NY2d 756). The penalty, based on petitioner's continuing denial of responsibility for his own conduct, does not shock our sense of fairness. Concur—Tom, J.P., Buckley, Sullivan, Ellerin and Wallach, JJ.