■ In the Matter of CONSTANTINOS PAPAIOANNOU, Respondent, v RAYMOND KELLY, as Police Commissioner of the City of New York, Appellant. [788 NYS2d 378]—

Judgment (denominated an order), Supreme Court, New York County (Lewis Bart Stone, J.), entered August 1, 2003, which granted petitioner's CPLR article 78 petition, annulled respondent's revocation of his pistol license, and directed that the license be reinstated, unanimously reversed, on the law, without

costs, the petition denied, the proceeding dismissed and respondent's determination reinstated and confirmed.

It is well settled that the possession of a handgun license is a privilege, not a right, which is subject to the broad discretion of the New York City Police Commissioner (*Matter of Kaplan v Bratton*, 249 AD2d 199, 201 [1998]; *Matter of Fondacaro v Kelly*, 234 AD2d 173, 177 [1996], *lv denied* 89 NY2d 812 [1997]), and respondent, by statute, has been delegated "extraordinary power" in these matters (*Matter of O'Brien v Keegan*, 87 NY2d 436, 439 [1996]; *Matter of Trimis v New York City Police Dept.*, 300 AD2d 162, 163 [2002], *lv denied* 100 NY2d 503 [2003]). Indeed, the only issue to be reviewed by this Court herein is whether the administrative decision to revoke petitioner's pistol license was arbitrary and capricious or an abuse of discretion (*Iacono v Police Dept. of City of N.Y.*, 204 AD2d 225, 226 [1994], *lv dismissed in part and denied in part* 85 NY2d 848 [1995]; *Sewell v City of New York*, 182 AD2d 469, 473 [1992], *lv denied* 80 NY2d 756 [1992]), and whether a rational basis exists for the agency's determination. A rational basis exists when the evidence adduced is sufficient to support the Commissioner's action (*see Matter of Bocchiano v New York City Police Dept.*, 213 AD2d 264 [1995]; *Sewell*, 182 AD2d at 473).

In this matter, respondent's determination was based upon: petitioner's October 2000 arrest for driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]), which arrest cast doubt on his character and fitness to possess a firearm; petitioner's failure to promptly report his arrest to the License Division; his failure to report his change of address to the License Division in a timely manner; the fact that he transported his handguns to an address other than that designated on his license without permission from the agency; and his failure to cooperate with respondent's investigation of his arrest.

In view of the foregoing, we find respondent's determination to revoke petitioner's pistol license to be neither arbitrary and capricious, nor irrational. Concur—Mazzarelli, J.P., Saxe, Marlow, Ellerin and Nardelli, JJ.