■ In the Matter of ANGELO MINERVINI, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, Respondent. [802 NYS2d 38]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 21, 2004, which denied petitioner's application to annul respondent Police Commissioner's denial of petitioner's application for a reissuance of his carry guard handgun license, and dismissed the petition, unanimously affirmed, without costs.

Respondent suspended petitioner's carry guard license upon learning that petitioner, after being stopped for a traffic infraction, was arrested for driving with a suspended driver's license. However, respondent reinstated the carry guard license once advised that the District Attorney was not prosecuting because petitioner's driver's license was in fact valid. Thereafter, petitioner's carry guard license was again suspended when respondent learned of petitioner's rearrest in connection with the events surrounding the traffic stop, and again reinstated when respondent learned that petitioner had pleaded guilty to disorderly conduct. Shortly thereafter, petitioner's carry guard license was automatically canceled when, because of his plea of guilty, his employment as a security guard was terminated (38 RCNY 5-01 [d]). When a labor arbitrator subsequently reinstated petitioner's employment with a 10-day suspension, petitioner applied for reissuance of the carry guard license, but respondent denied the application on the basis of the arbitrator's decision, which stated that when stopped for the traffic infraction, petitioner was found with a loaded Glock 9 millimeter handgun. It appears that petitioner has a Rockland County handgun license that authorizes him to carry the Glock throughout the state except New York City (see Penal Law § 400.00 [6]). We reject petitioner's argument that it was arbitrary for respondent to reject his application for reissuance of the carry guard license on the basis of the events surrounding the traffic stop when respondent had twice before reinstated the license after presumably fully investigating those events. Possession of a handgun is a privilege, not a right, subject to the broad discretion of the Police Commissioner, who, by statute, has been delegated extraordinary power in these matters (Matter of Papaioannou v Kelly, 14 AD3d 459 [2005]). We have considered

petitioner's other contentions and find them unavailing. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.