■ In the Matter of ROBERT SIMMONS, JR., Appellant, v NEW YORK CITY POLICE DEPARTMENT LICENSE DIVISION et al., Respondents. [825 NYS2d 768]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Thomas M. Prasso, the Director of the New York City Police Department License Division, dated March 11, 2004, which, after a hearing, upheld the revocation of the petitioner's handgun license and rifle/shotgun permit, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated February 18, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondents are vested with broad discretion in resolving issues regarding the fitness of individuals to possess firearms (*see generally Matter of Dorsey v Teresi*, 26 AD3d 635 [2006]; *Matter of Papaioannou v Kelly*, 14 AD3d 459 [2005]; *Sewell v City of New York*, 182 AD2d 469 [1992]). In this case, where the petitioner challenges the determination, made after an administrative hearing, to revoke his handgun license and rifle/shotgun permit, "the only issue to be reviewed by this Court herein is whether the administrative decision to revoke [the] petitioner's . . . license was arbitrary and capricious or an abuse of discretion, and whether a rational basis exists for the agency's determination" (*Matter of Papaioannou v Kelly, supra* at 460 [citations omitted]; *see Matter of Fastag v Kerik*, 295 AD2d 114 [2002]; *Matter of Bocchiano v New York City Police Dept.*, 213 AD2d 264 [1995]; *Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645 [1976]). Contrary to the petitioner's contention, the Supreme Court properly concluded that the respondents' determination to revoke his handgun license and rifle/shotgun permit based upon his failure to timely report his arrest to the licensing authority, his plea of guilty to disorderly conduct, the issuance of an order of protection against him, and a finding that he displayed a handgun during a confrontation with a neighbor, is rational and is neither arbitrary nor capricious (*see Matter of Dorsey v Teresi, supra*; *Matter of Papaioannou v Kelly, supra*; *Iacono v Police Dept. of City of N.Y.*, 204 AD2d 225 [1994]; *Matter of Pelose v County Ct. of Westchester County, supra*). Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.