SUMMARY ORDER
Plaintiff Raymond Kelly appeals from a judgment entered August 28, 2007, 2007 WL 2412261, dismissing his complaint with prejudice for failure to state a claim. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
We review the grant of a motion to dismiss pursuant to Fed.R.CivJP. 12(b)(6) de novo, “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.2008) (internal quotation marks omitted).
With regard to Boss’s first cause of action, for deprivation of property without due process, “[t]he two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before the plaintiff could be deprived of that interest.” Green v. Bauvi, 46 F.3d 189,194 (2d Cir.1995).
Here, Boss has no property interest in carrying a gun in connection with his police duties. Under New York law, “[i]t is well settled that the possession of a handgun license is a privilege, not a right, which is subject to the broad discretion of the New York City Police Commissioner.” Papaioannou v. Kelly, 14 A.D.3d 459, 460, 788 N.Y.S.2d 378 (1st Dep’t 2005). Moreover, in Boss’s Article 78 proceedings, the New York courts determined that the question of whether Boss’s police-issued firearm should be restored to him is a matter wholly “within the discretion of [Boss’s] superiors, and ultimately, that of the Commissioner, rationally exercised.” Boss v. Kelly, 3 Misc.3d 936, 776 N.Y.S.2d 772, 776 (N.Y.Sup.Ct.2004), aff'd 17 A.D.3d 269, 793 N.Y.S.2d 423 (1st Dep’t 2005). It follows that Boss does not have a protected property interest in restored use of his police-issued firearm. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 756, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (“Our *651 cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion.”) Boss attempts to avoid this conclusion by arguing that he has a property interest in his employment as a police officer, carrying a gun is a necessary component of being a police officer, and therefore, without a gun, his employment has effectively been terminated. But assuming that Boss has a property interest in his continued employment, see N.Y.C. Admin. Code § 14 — 115(b); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-39, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Boss acknowledges that he retains the title and base salary of a police officer, and his complaint does not allege that carrying a gun is a necessary component of being a police officer.
Further, his argument that the City should be judicially estopped from arguing otherwise is misplaced. “In order for judicial estoppel to be invoked, (1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some matter.” Peralta v. Vasquez, 467 F.3d 98, 107 (2d Cir.2006). While the City has previously asserted that a police officer must be capable of performing patrol duties, which requires carrying a gun, see, e.g., Price v. City of New York, No. 00-8742, 2006 WL 1738225 (S.D.N.Y. June 23, 2006), rev’d, 264 Fed. Appx. 66 (2d Cir.2008), it has not taken the position that all police officers must be permitted to carry guns, or that actually carrying a gun is necessary for all police officers.
With regard to the other allegations in the complaint, Boss has no property interest in a particular work assignment, in the ability to earn overtime pay, or in the ability to earn a promotion. See Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 783 (2d Cir.1991) (particular work assignment); Rolon v. Henneman, 517 F.3d 140, 148 (2d Cir.2008) (overtime); N.Y.C. Admin. Code § 14-114 (promotion); McMenemy v. City of Rochester, 241 F.3d 279, 286-87 (2d Cir.2001) (promotion).
As to the second cause of action, for deprivation of a liberty interest without due process, to state such a claim a plaintiff must allege a “stigma,” which is “the utterance of a statement about [him] that is injurious to [his] reputation, that is capable of being proved false, and that he ... claims is false,” and a “plus,” which is “some tangible and material state-imposed burden in addition to the stigmatizing statement.” Velez v. Levy, 401 F.3d 75, 87 (2d Cir.2005) (internal quotation marks and alterations omitted). “[T]he ‘plus’ imposed by the defendant must be a specific and adverse action clearly restricting the plaintiffs liberty-for example, the loss of employment, or the termination or alteration of some other legal right or status.” Id. at 87-88 (internal quotation marks and citation omitted). A negative impact on “job prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation,” is insufficient. Valmonte v. Bane, 18 F.3d 992, 1001 (2d Cir.1994).
We need not reach the first prong of this test because we hold that the second prong has not been met. Boss does not allege that he was terminated. Further, as discussed above, any negative impact on his work assignment, his ability to earn a promotion, or his ability to earn overtime do not alter a legal right or status.
We have considered all of Boss’s other arguments and find them to be without merit.
*652 Accordingly, for the foregoing reasons, the judgment of the district court is hereby
AFFIRMED.