■ In the Matter of ALEXANDER A. MORENO, Petitioner, v SUSAN CACACE, as a Judge of the County Court, Westchester County, Respondent. [878 NYS2d 175]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Susan Cacace, a Judge of the County Court, Westchester County, dated June 26, 2008, which, after a hearing, revoked the petitioner's pistol license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

"The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Pelose v County Ct. of Westchester County,* 53 AD2d 645, 645 [1976]; *see Matter of Manne v Main,* 8 AD3d 790, 791 [2004]; *Matter of Gerard v Czajka,* 307 AD2d 633, 633 [2003]).

"In determining whether to revoke a pistol permit pursuant to Penal Law § 400.00 (11), the [licensing authority] is vested with broad discretion to resolve factual and credibility issues, and [its] determination is accorded great weight" (*Matter of Pacicca v Allesandro,* 19 AD3d 500, 500 [2005]; *see Matter of Colin v People,* 92 AD2d 697, 698 [1983]).

Where a licensee challenges a determination, made after a hearing, to revoke his or her pistol license, the only issues to be reviewed by this Court are whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious (*see Matter of Simmons v New York City Police Dept. License Div.,* 35 AD3d 748, 749 [2006]; *Matter of Papaioannou v Kelly,* 14 AD3d 459, 460 [2005]).

Here, there was testimony at the hearing that the petitioner failed to comply with a police officer's directive to exit his vehicle after the police officer determined the potential presence of a firearm inside the vehicle. The testimony indicated that the petitioner, who was described as "irate," had to be physically removed from his vehicle by police officers who were attempting to secure their own safety. A cocked and loaded revolver was thereafter recovered from the map pouch on the back of the front passenger seat.

This evidence, credited by the County Court, along with other indications of the petitioner's moral character and tempera-

ment, was sufficient to provide a rational basis for the County Court's determination revoking the petitioner's Westchester County pistol license and, as such, the determination was neither arbitrary nor capricious (*see Matter of Minervini v Kelly*, 22 AD3d 238, 239 [2005]; *Matter of Gerard v Czajka*, 307 AD2d at 633; *Matter of Porter v Kelly*, 272 AD2d 333 [2000]; *Matter of Panaro [County of Westchester]*, 250 AD2d 616, 616 [1998]; *Matter of County of Westchester v D'Ambrosio*, 244 AD2d 334, 334 [1997]; *see also Matter of Pelose v County Ct. of Westchester County*, 53 AD2d at 645).

In light of the foregoing, the petitioner's remaining contention has been rendered academic. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.