In the Matter of ANGELO MARTINO, Appellant, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. [887 NYS2d 204]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Police Department dated January 9, 2008, which denied the petitioner's application to reinstate his pistol permit and continued its revocation, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered June 30, 2008, which denied his petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's pistol permit was revoked after he had a physical altercation with an emergency medical services technician who was rendering assistance to the petitioner's wife. After the criminal charges brought against the petitioner were dismissed, he sought reinstatement of his permit. Following a hearing, the hearing officer recommended that the application be denied, and the Commissioner of the Nassau County Police Department (hereinafter the Commissioner) adopted that recommendation. The petitioner commenced this proceeding in the Supreme Court, contending that the denial of his application to reinstate his pistol permit was improper. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The Commissioner, as the licensing officer (*see* Penal Law § 265.00 [10]), is vested with broad discretion in determining whether to issue or revoke a license to possess firearms (*see* Penal Law § 400.00 [11]). "Where a licensee challenges a deter-

mination, made after a hearing, to revoke his or her pistol license," or to deny reinstatement of a permit previously revoked, we review only "whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious" (*Matter of Moreno v Cacace*, 61 AD3d 977, 978 [2009]; *see Matter of Simmons v New York City Police Dept. License Div.*, 35 AD3d 748, 749 [2006]; *Matter of Papaioannou v Kelly*, 14 AD3d 459, 460 [2005]; *Matter of Kaplan v Bratton*, 249 AD2d 199, 201 [1998]). Here, as the Supreme Court properly found, the evidence at the hearing provided a rational basis for the Commissioner's determination to deny the application to reinstate the permit, and the determination was neither arbitrary nor capricious (*see Matter of Moreno v Cacace*, 61 AD3d at 979). Fisher, J.P., Balkin, Hall and Austin, JJ., concur.