Proceeding pursuant to CPLR article 78 to review a determination of the respondent Thomas E. Walsh II, an Acting Justice of the Supreme Court, Rockland County, dated June 25, 2010, which, after a hearing, denied the petitioner’s application to reinstate his pistol license.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be of good moral character with no prior convictions of a felony or serious offense, and a person “concerning whom no good cause exists for the denial of the license” (Penal Law *716 § 400.00 [1] [g]; see Matter of Velez v DiBella, 77 AD3d 670, 670 [2010]). “ ‘The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument’ ” (Matter of Moreno v Cacace, 61 AD3d 977, 978 [2009], quoting Matter of Pelose v County Ct. of Westchester County, 53 AD2d 645, 645 [1976]; see Matter of Manne v Main, 8 AD3d 790, 791 [2004]).
“Where a licensee challenges a determination, made after a hearing, to revoke his or her pistol license,” or to deny reinstatement of a permit previously revoked, we review only “whether a rational basis exists for the licensing authority’s determination, or whether the determination is arbitrary or capricious” (Matter of Moreno v Cacace, 61 AD3d at 978).
Here, the petitioner’s pistol license was suspended based on his arrest on December 19, 2008, upon charges of resisting arrest, obstructing governmental administration, and harassment, and an arrest in December 2006 for driving while intoxicated. At the hearing, there was testimony elicited that on December 19, 2008, the petitioner locked his pregnant wife outside of the house during an ongoing snowstorm. There was approximately one foot of snow on the ground, and the petitioner’s wife was barefoot and had no jacket. When the police arrived and attempted to intervene, the petitioner became physically combative with the officers. The petitioner attempted to push one of the officers and tried to throw the other into the dining room table, requiring them to call for additional officers to assist. Additional testimony was elicited that the petitioner had been arrested in 2006 for driving while intoxicated. Contrary to the petitioner’s contention, this evidence was sufficient to provide a rational basis for the Supreme Court’s determination denying his application to reinstate his pistol license and, as such, the determination was neither arbitrary nor capricious (see id. at 978-979; Matter of Gerard v Czajka, 307 AD2d 633 [2003]; Matter of Panaro [County of Westchester], 250 AD2d 616 [1998]).
We note that although the Supreme Court improperly considered matter that was dehors the record (see Matter of Simpson v Wolansky, 38 NY2d 391, 396 [1975]; Matter of Schroeder v Scoppetta, 77 AD3d 840, 841 [2010]), that matter has not been considered by this Court in reaching our determination.
The petitioner’s remaining contentions are either without merit, or not properly before this Court. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.