In the Matter of JEFFREY McAVOY, Appellant, v CAROL S. KLEIN, Judge of the Orange County Family Court, Respondent. [986 NYS2d 511]—

Proceeding pursuant to CPLR article 78 to review two determinations of the respondent, Carol S. Klein, a Judge of the Family Court, Orange County, dated December 1, 2011, and December 12, 2011, which, respectively, temporarily suspended the petitioner's pistol license, and, after a hearing, revoked the petitioner's pistol license, which was transferred to this Court by an order of the Supreme Court, Orange County (Marx, J.), dated April 12, 2012, and appeal by the petitioner from the same order.

Ordered that the appeal is dismissed, without costs or disbursements, both as abandoned and because no appeal lies as of right from an order which does not determine a motion made upon notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal; and it is further,

Adjudged that the determination dated December 1, 2011, is confirmed, the branch of the petition which is to review that determination is severed and denied, and that portion of the proceeding is dismissed on the merits, without costs or disbursements; and it is further,

Ordered that the branch of the petition which is to review the determination dated December 12, 2011, is granted to the extent that that determination is annulled, that branch of the petition is otherwise denied, and the matter is remitted to the Family Court, Orange County, for a new hearing before a different pistol licensing officer, and a new determination thereafter in accordance herewith, without costs or disbursements, and pending the new hearing and new determination, the petitioner's pistol license shall remain temporarily suspended pursuant to the determination dated December 1, 2011.

The respondent, a pistol licensing officer and Judge of the

Family Court, Orange County, granted the petitioner's application for an unrestricted pistol license on August 23, 2011. Approximately three months later, unbeknownst to the petitioner, his former wife sent a letter, enclosing numerous documents, to the respondent. Many of the documents cast the petitioner in a highly unfavorable light. Shortly after receiving these documents, the respondent, in a determination dated December 1, 2011, temporarily suspended the petitioner's pistol license and directed him to appear for a supplemental hearing. The respondent did not provide specific reasons for the suspension; she merely stated that she had "received additional information regarding [the petitioner] which require[d] further inquiry." Following the supplemental hearing, in a determination dated December 12, 2011, the respondent revoked the petitioner's pistol license.

The petitioner commenced this CPLR article 78 proceeding to review the determinations. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). The petitioner filed a notice of appeal from the order of transfer, but does not seek any relief on that appeal in his brief. The petitioner now asserts that, although the Supreme Court should have addressed the merits of the petition (*see Matter of Santagata v Currier-Woods*, 84 AD3d 821 [2011]), in the interest of judicial economy, this Court nevertheless should retain jurisdiction and determine the petition. We agree, and elect to do so (*see Matter of Dabulis v New York City Tr. Auth.*, 222 AD2d 433, 433 [1995]; *Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976]).

"The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Pelose v County Ct. of Westchester County*, 53 AD2d at 645). In light of the troubling nature of the documents enclosed with the letter from the petitioner's former wife, the respondent properly temporarily suspended the petitioner's pistol license and directed him to attend a supplemental hearing (*see Matter of Robinson v Bergin*, 88 AD2d 789 [1982]).

However, the branch of the petition which is to review the determination dated December 12, 2011, revoking the petitioner's pistol license, must be granted to the extent of annulling that determination and directing that a new determination be made after a new hearing. "While a formal adversarial hearing is not

required before a pistol license is revoked, the licensee must be given notice of the charges and evidence against him [or her], and be given an opportunity to appear with his [or her] lawyer to rebut the charges" (*Matter of Burke v Colabella*, 113 AD2d 794, 795 [1985]). Here, the record reflects that the petitioner was not given notice of the charges and evidence against him, and that the respondent specifically relied on evidence of which the petitioner was unaware and was denied an opportunity to rebut (*see Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals of Town of Smithtown*, 172 AD2d 755 [1991]; *Matter of Babu v Lange*, 164 AD2d 910, 911 [1990]).

Accordingly, the petitioner is entitled to a new hearing, and a new determination thereafter, with respect to the status of his pistol license. Since the petitioner did not have a full opportunity to be heard at the supplemental hearing, as the respondent revoked the petitioner's pistol license based on new evidence and allegations of which the petitioner was completely unaware, and which he had no opportunity to rebut, the new hearing should be held before a different pistol licensing officer (*see Matter of Benito v Calero*, 102 AD3d 778, 780 [2013]).

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.