■ In the Matter of GEOFFREY WARMOUTH, Petitioner, v DAVID S. ZUCKERMAN, Respondent. [29 NYS3d 70]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of the respondent, David. S. Zuckerman, a Judge of the County Court, Westchester County, dated December 2, 2014, which, after a hearing, revoked the petitioner's pistol license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On March 12, 2014, officers from the Greenburgh Police Department transported the petitioner involuntarily to the Westchester County Medical Center for an emergency psychiatric evaluation after they found him living in a "very dangerous condition." His house had no heat or running water and was soiled with human and animal feces, and dead animals were present in the living quarters. The house was so cluttered that it was considered a fire hazard. The petitioner himself was "in a distressed and disheveled condition."

The psychiatrist who evaluated the petitioner learned that he had a history of mental illness and that his condition had been deteriorating for several years. Upon determining that the petitioner was likely to engage in conduct that would result in serious harm to himself or others, the psychiatrist, as mandated by Mental Hygiene Law § 9.46 (b), filed a report with the Westchester County Mental Health Commissioner. A notice was then sent to the state's Division of Criminal Justice Services (*see* Mental Hygiene Law § 9.46 [b]). After a non-fingerprint match identified the petitioner as a firearm licensee, the report was forwarded to the County Court. At that point, pursuant to Penal Law § 400 (11) (b), the respondent, a Judge of the County Court acting in his administrative capacity as a county licensing officer (*see* Penal Law § 265.00 [10]), temporarily suspended the petitioner's pistol license. The respondent afforded the petitioner a hearing and, after the hearing, issued a determination revoking his pistol license. The petitioner then commenced this proceeding pursuant to CPLR article 78 in this Court seeking to annul the determination.

"The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976]; *see Matter of Karagolian v Walsh*, 107 AD3d 715, 715 [2013]; *Matter of Moreno v Cacace*, 61 AD3d 977, 978 [2009]). Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be of good

moral character with no prior convictions of a felony or serious offense, and a person "concerning whom no good cause exists for the denial of the license" (Penal Law § 400.00 [1] [n]; *see Matter of Karagolian v Walsh*, 107 AD3d at 715-716; *Matter of Velez v DiBella*, 77 AD3d 670, 670 [2010]). " 'Where a licensee challenges a determination, made after a hearing, to revoke his or her pistol license,' or to deny reinstatement of a permit previously revoked, we review only 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious' " (*Matter of Karagolian v Walsh*, 107 AD3d at 716, quoting *Matter of Moreno v Cacace*, 61 AD3d at 978; *see Matter of Simmons v New York City Police Dept. License Div.*, 35 AD3d 748, 749 [2006]).

Here, at the hearing, testimony was elicited regarding the petitioner's deplorable living conditions, the deteriorating state of his mental health, and his inability to properly care for himself, his environment, or his possessions. Contrary to the petitioner's contention, this evidence, which was credited by the respondent, was sufficient to provide a rational basis for the determination revoking his pistol license. As such, the determination was not arbitrary or capricious (*see Matter of Karagolian v Walsh*, 107 AD3d 715 [2013]; *Matter of Moreno v Cacace*, 61 AD3d 977 [2009]). Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.