■ In the Matter of George Nash, Appellant, v Nassau County et al., Respondents. [52 NYS3d 670]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Acting Commissioner of the Nassau County Police Department, dated July 24, 2015, which denied the petitioner's application to reinstate his pistol permit and continued its revocation, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brandveen, J.), dated December 14, 2015, which denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner's pistol permit was suspended and subsequently revoked after a domestic incident involving the petitioner and his wife. After the petitioner was acquitted of criminal charges arising from the incident, he sought reinstatement of his permit and the return of his firearms. The Deputy Commanding Officer of the Nassau County Police Department's Pistol Licensing Section determined that the petitioner's permit should be revoked. Following an administrative appeal, that determination was upheld by the Acting Commissioner. The petitioner then commenced this proceeding pursuant to CPLR article 78, contending that the determination denying his application to reinstate his pistol permit, and continuing its revocation, was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.

The Acting Commissioner, as the licensing officer (*see* Penal Law § 265.00 [10]), is vested with broad discretion in determining whether to issue or revoke a license to possess firearms (*see* Penal Law § 400.00 [11]). Our power to review the Acting Commissioner's determination upholding the denial of the petitioner's application to reinstate his pistol permit, and continuing its revocation, is limited to determining whether the Acting Commissioner's determination was arbitrary and capricious or was instead supported by a rational basis in the record (*see Matter of Martino v Nassau County Police Dept.*, 66 AD3d 781, 781-782 [2009]; *Matter of Moreno v Cacace*, 61 AD3d 977, 978 [2009]; *Matter of Simmons v New York City Police Dept. License Div.*, 35 AD3d 748, 749 [2006]; *Matter of Papaioannou v Kelly*, 14 AD3d 459, 460 [2005]). Here, as the Supreme Court properly found, the record before the Acting Commissioner provided a rational basis for his determination upholding the denial of the petitioner's application to reinstate the permit, and continuing its revocation (*see Matter of Martino v Nassau County Police Dept.*, 66 AD3d at 782). Accordingly, the Supreme Court's order and judgment denying the petition and dismissing the proceeding should be affirmed. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.