Matter of Ogundele v Zambelli (2018 NY Slip Op 02176)





Matter of Ogundele v Zambelli


2018 NY Slip Op 02176


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-06987

[*1]In the Matter of Emmanuel Ogundele, petitioner,
v
Barbara Zambelli, etc., respondent. Alvin L. Spitzer, Pearl River, NY, for petitioner.


Eric T. Schneiderman, Attorney General, New York, NY (Angel M. Guardiola II of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Barbara Zambelli, a Judge of the County Court, Westchester County, dated May 3, 2017, which, after a hearing, revoked the petitioner's pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was issued a pistol license by Westchester County in 1998. In August 2016, the petitioner's wife filed a family offense petition against him, alleging that he engaged in acts of domestic violence over the course of a number of years, he regularly threatened to kill her, and, more recently, he threatened to kill her, their children, and himself. The Family Court, Westchester County, issued a temporary order of protection, which, among other things, directed the petitioner to stay away from his wife and their children and to surrender his firearms.
In October 2016, the County Attorney for Westchester County filed an application to suspend, cancel, or revoke the petitioner's pistol license. A hearing was held on the application before the respondent, a Judge of the County Court acting in her administrative capacity as a county licensing officer (see Penal Law § 265.00[10]). The petitioner appeared with counsel and presented evidence rebutting the allegations against him. In a determination dated May 3, 2017, the respondent revoked the petitioner's pistol license. The petitioner then commenced this proceeding pursuant to CPLR article 78 in this Court seeking to review the determination.
In determining whether to revoke a pistol license pursuant to Penal Law § 400.00(11), a licensing officer is vested with broad discretion to resolve factual and credibility issues, and her or his determination is accorded great weight (see Matter of Moreno v Cacace, 61 AD3d 977, 978; Matter of Simmons v New York City Police Dept. License Div., 35 AD3d 748, 749; Matter of Pacicca v Allesandro, 19 AD3d 500). "While a formal adversarial hearing is not required before a pistol license is revoked, the licensee must be given notice of the charges and evidence against him, and be given an opportunity to appear with his lawyer to rebut the charges" (Matter of Burke v Colabella, 113 AD2d 794, 795; see Matter of McAvoy v Klein, 117 AD3d 1058, 1059-1060; Matter of Pacicca v Allesandro, 19 AD3d at 501; Matter of Dlugosz v [*2]Scarano, 255 AD2d 747, 748).
Contrary to the petitioner's contention, the record here reflects that the petitioner was afforded due process, as he was given notice of the charges and evidence against him, and he, in fact, appeared with his attorney at the hearing and presented evidence on his own behalf. Moreover, the respondent's determination, which credited statements by the petitioner's wife, has a rational basis and was neither arbitrary nor capricious (see Matter of Warmouth v Zuckerman, 138 AD3d 752, 754; Matter of Karagolian v Walsh, 107 AD3d 715, 716; Matter of Moreno v Cacace, 61 AD3d at 978; Matter of Simmons v New York City Police Dept. License Div., 35 AD3d at 749).
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court