Matter of Derry v Fufidio (2021 NY Slip Op 01973)





Matter of Derry v Fufidio


2021 NY Slip Op 01973


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2020-08927

[*1]In the Matter of Ewell A. Derry, petitioner,
v
George F. Fufidio, etc., respondent.


The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Melissa Ysaguirre and Elizabeth Figueira of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, George F. Fufidio, a Judge of the County Court, Westchester County, dated May 6, 2020, which, after a hearing, revoked the petitioner's pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was issued a pistol license by Westchester County in 2018. The petitioner kept his handgun in a safe, which was located on a dresser in his bedroom. The key to the safe was also kept on the dresser. On May 5, 2019, the petitioner's son, then 11 years old, opened the safe, took out the gun, and made a video of himself with the gun, which was subsequently posted on a social media site.
The County Attorney for Westchester County filed an application to revoke the petitioner's pistol license. A hearing was held on the application before the respondent, a Judge of the County Court acting in his administrative capacity as a county licensing officer (see Penal Law § 265.00[10]). In a determination dated May 6, 2020, the respondent revoked the petitioner's pistol license on the ground that the petitioner was careless in securing the gun, demonstrating a lack of judgment and maturity necessary to be a responsible gun owner. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination.
In determining whether to revoke a pistol license pursuant to Penal Law § 400.00(11), a licensing officer is vested with broad discretion to resolve factual and credibility issues, and her or his determination is accorded great weight (see Matter of Ogundele v Zambelli, 159 AD3d 1002, 1003; Matter of Moreno v Cacace, 61 AD3d 977, 978). "'Where a licensee challenges a determination, made after a hearing, to revoke his or her pistol license,' or to deny reinstatement of a permit previously revoked, we review only 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Karagolian v Walsh, 107 AD3d at 716, quoting Matter of Moreno v Cacace, 61 AD3d at 978; see Matter of Warmouth v Zuckerman, 138 AD3d 752, 754).
Contrary to the petitioner's contention, the respondent's determination had a rational basis and was neither arbitrary nor capricious (see Matter of Ogundele v Zambelli, 159 AD3d at 1004; Matter of Warmouth v Zuckerman, 138 AD3d at 754).
The petitioner's contention that the revocation of his pistol license unconstitutionally infringes upon his Second Amendment right to bear arms is not properly before this Court in an original proceeding pursuant to CPLR article 78 (see Matter of Velez v DiBella, 77 AD3d 670, 671).
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court