Matter of Dickerson v Hart (2024 NY Slip Op 02049)

Matter of Dickerson v Hart

2024 NY Slip Op 02049

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-06452
 (Index No. 5394/19)

[*1]In the Matter of Robert L. Dickerson, etc., appellant, 
v
Geraldine Hart, etc., respondent.

Robert L. Dickerson, Medford, NY, appellant pro se.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent dated June 12, 2019, which, after a hearing, in effect, upheld the revocation of the petitioner's pistol license, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 9, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was issued a pistol license in 2006. In August 2012, the petitioner was charged with two counts of menacing in the second degree after an incident in which he allegedly pointed a gun at another individual during a dispute where police officers were present. In 2012 and 2013, the petitioner was involved in several domestic incidents that resulted in the issuance of orders of protection against him and arrests for menacing in the second degree and for violating an order of protection.
In 2013, the petitioner's pistol license was revoked. The petitioner appealed the revocation, and an administrative hearing was conducted. The petitioner was afforded the right to appear with counsel at the administrative hearing. The petitioner appeared pro se at the administrative hearing and cross-examined witnesses and presented evidence.
By determination dated June 12, 2019, the respondent, after the administrative hearing, in effect, upheld the revocation of the petitioner's pistol license. The petitioner then commenced this proceeding pursuant to CPLR article 78, inter alia, to review the respondent's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether to revoke a pistol license pursuant to Penal Law § 400.00(11), a licensing officer is vested with broad discretion to resolve factual and credibility issues, and the licensing officer's determination is accorded great weight (see Matter of Moreno v Cacace, 61 AD3d 977, 978; Matter of Simmons v New York City Police Dept. License Div., 35 AD3d 748, 749). "While a formal adversarial hearing is not required before a pistol license is revoked, the licensee [*2]must be given notice of the charges and evidence against him [or her], and be given an opportunity to appear with his [or her] lawyer to rebut the charges" (Matter of Burke v Colabella, 113 AD2d 794, 795; see Matter of McAvoy v Klein, 117 AD3d 1058, 1059-1060).
Contrary to the petitioner's contention, the record here reflects that the petitioner was afforded due process, as the petitioner was given notice of the charges and evidence against him, and the petitioner appeared at the administrative hearing and presented evidence on his own behalf. Moreover, the respondent's determination had a rational basis and was not arbitrary and capricious (see Matter of Ogundele v Zambelli, 159 AD3d 1002, 1003-1004; Matter of Warmouth v Zuckerman, 138 AD3d 752, 754; Matter of Karagolian v Walsh, 107 AD3d 715, 716; Matter of Moreno v Cacace, 61 AD3d at 978).
The petitioner's remaining contentions are without merit.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court