Matter of Rosenberg v Neary (2025 NY Slip Op 03070)

Matter of Rosenberg v Neary

2025 NY Slip Op 03070

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-02449

[*1]In the Matter of Nicholas K. Rosenberg, petitioner, 
v
Robert A. Neary, etc., respondent.

Fasulo Giordano & Dimaggio, LLP, New York, NY (Michael Giordano and Joshua Lax of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Robert A. Neary, a Justice of the Supreme Court, Westchester County, dated November 29, 2023, which, after a hearing, revoked the petitioner's pistol license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was issued a pistol license by Westchester County in 2022. On February 22, 2023, the petitioner went to the emergency department of the Westchester Medical Center (hereinafter WMC) complaining of intrusive thoughts, including wanting to harm himself or others and suicidal ideation. He was deemed to pose an imminent risk to self and was admitted to WMC. On February 24, 2023, the New York State Police sent the County notice that it had been notified by the New York State Office of Mental Health that the petitioner had been either adjudicated as a "mental defective" or involuntarily committed to a mental institution and that a non-fingerprint match identified the petitioner as a firearms licensee. Thereafter, pursuant to Penal Law § 400.00(11)(b), the respondent, a Justice of the Supreme Court, Westchester County, acting in his administrative capacity as a county licensing officer (see Penal Law § 265.00[10]), temporarily suspended the petitioner's pistol license. The respondent afforded the petitioner a hearing and, after the hearing, issued a determination dated November 29, 2023, revoking the petitioner's pistol license. The petitioner then commenced this proceeding pursuant to CPLR article 78 to annul the determination.
"'The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument'" (Matter of Warmouth v Zuckerman, 138 AD3d 752, 753, quoting Matter of Pelose v County Ct. of Westchester County, 53 AD2d 645, 645; see Matter of Karagolian v Walsh, 107 AD3d 715, 715; Matter of Moreno v Cacace, 61 AD3d 977, 978). In determining whether to revoke a pistol license pursuant to Penal Law § 400.00(11), a licensing officer is vested with broad discretion to resolve factual and credibility issues, and her or his determination is accorded great weight (see Matter of Derry v Fufidio, 192 AD3d 1099, 1099; [*2]Matter of Ogundele v Zambelli, 159 AD3d 1002, 1003; Matter of Moreno v Cacace, 61 AD3d at 978). "While a formal adversarial hearing is not required before a pistol license is revoked, the licensee must be given notice of the charges and evidence against him, and be given an opportunity to appear with his lawyer to rebut the charges" (Matter of Burke v Colabella, 113 AD2d 794, 795; see Matter of Ogundele v Zambelli, 159 AD3d at 1003). "'Where a licensee challenges a determination, made after a hearing, to revoke his or her pistol license,' we review only 'whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary or capricious'" (Matter of Karagolian v Walsh, 107 AD3d at 716, quoting Matter of Moreno v Cacace, 61 AD3d at 978; see Matter of Derry v Fufidio, 192 AD3d at 1099; Matter of Warmouth v Zuckerman, 138 AD3d at 754).
Contrary to the petitioner's contention, the respondent's determination had a rational basis and was neither arbitrary nor capricious (see Matter of Warmouth v Zuckerman, 138 AD3d at 754; Matter of Karagolian v Walsh, 107 AD3d at 716; Matter of Moreno v Cacace, 61 AD3d at 978). The petitioner testified at the hearing about his history of anxiety and taking medication for obsessive compulsive disorder and about his deteriorating mental health leading up to his hospitalization in February 2023. The respondent was in possession of the petitioner's WMC records which repeatedly describe the circumstances of his hospital admission as a "9.39 Involuntary Emergency Admission." The petitioner's cooperation with the admission process does not render his admission "voluntary" (see Mental Hygiene Law § 9.13; Colihan v State, 211 AD3d 1432, 1437).
In light of the foregoing, the petitioner's remaining contention has been rendered academic.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court