■ In the Matter of NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., et al., Petitioners, v CITY OF MOUNT VERNON et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* (1) to prohibit the respondents from collecting certain investigative fees from pistol license applicants, (2) to prohibit the respondent City of Yonkers from utilizing a questionnaire to be completed by character references for pistol license applicants which inquires whether the applicants and their references have ever engaged in "subversive" activities, and (3) for a judgment declaring the imposition of the fees and use of the questionnaire to be unlawful and void.

Adjudged that the proceeding is dismissed, with one bill of costs to the respondents, appearing separately and filing separate briefs.

The respondents have raised in their answers or by separate motion the defense that this court lacks subject matter jurisdiction. We now address that objection in point of law *(see,* CPLR 7804 [f]).

This proceeding has been brought against 17 municipalities in Westchester County and seven Judges of the County Court of Westchester County. Because the County Court Judges were named as parties, the petitioners brought this proceeding in this court pursuant to CPLR 506 (b) (1). The petitioners seek, *inter alia,* the invalidation of (1) certain investigative fees charged to pistol license applicants by the respondent municipalities, and (2) a questionnaire, which inquires whether appli-

cants and their references have ever engaged in "subversive" activities. The County Court Judges were named as respondents due to their status as licensing officers in Westchester County (see, Penal Law § 265.00 [10]; § 400.00 [3]). We dismiss this proceeding, however, on the ground the Judges are not proper parties and therefore this court is without subject matter jurisdiction to entertain it.

Penal Law § 400.00 (3) (a) provides that applications for pistol licenses must be made to the licensing officer in the city or county where the applicant resides, is principally employed or has his principal place of business as merchant or storekeeper. In Westchester County, County Court Judges are the licensing officers (Penal Law § 265.00 [10]) and the fee for an annual license may not exceed $10 (Penal Law § 400.00 [14]). Pursuant to Penal Law § 400.00 (4), the local police authorities must make an investigation of all statements required in the application for the pistol license before a license will be issued or renewed. The statements in the application, for the most part, relate to the character of the applicant (see, Penal Law § 400.00 [3] [a]). Each of the respondent municipalities charges a fee to defray the cost of the investigation into the statements required by the application, and those are the fees which are being challenged.

The petitioners have named the Judges as respondents because it is their contention that it is the Judges who have, in effect, imposed the challenged fees. Noting that under the statute (Penal Law § 400.00 [4-a]) the Judges, as licensing officers, are the ones responsible for the processing of the license applications, the petitioners argue that the Judges have delegated that responsibility to the municipalities and their police departments. They contend that the challenged fees are actually being charged for the processing of the applications and, thus, they maintain that any fee charged for the performance of this delegated function is, in effect, being charged by the Judges.

No such delegation of responsibilities, however, has taken place. It is apparent from the statute and from the papers before this court that the Judges, sitting as licensing officers, simply receive the applications from the local police authorities after the investigation has been completed and after the challenged fees have been paid. The only processing that the Judges actually do is to evaluate the applications and either grant or deny them as the case may be. The fee that is being challenged is not a "processing" fee, nor is it the annual license fee referred to in Penal Law § 400.00 (14). Rather it is

a fee charged by the local police authorities to defray the cost of the investigation into the statements required by the application. The investigation is not a function delegated by the Judges to the police authorities, but rather is one that has been assigned to them by the statute. Thus, the petitioners' allegation that the Judges imposed the challenged fees is without merit.

For the same reasons we find that it is not Judges who require that all applicants from Yonkers have their character references complete the Yonkers questionnaire. This questionnaire appears to have been created solely by the Yonkers Police Department in order to aid it in the investigation of all statements required in the application; the Yonkers questionnaire is not part of the State application form. Thus, the Judges should not have been made parties to this proceeding on the purported ground that it is they who require that all applicants from Yonkers have their character references complete the questionnaire.

Because there is no indication that it is the Judges of the County Court of Westchester County who (1) require applicants to pay the investigatory fee complained of, or (2) require applicants to have their character references complete the questionnaire, they should not have been made parties to this proceeding. Accordingly, this proceeding was improperly commenced in this court and must be dismissed *(see, Matter of Nolan v Lungen,* 61 NY2d 788). In view of this disposition, we do not reach the other issues raised. Rubin, J. P., Spatt, Harwood and Balletta, JJ., concur.