OPINION OF THE COURT
 

 Memorandum.
 

 The judgments of the Appellate Division should be affirmed, with costs.
 

 Penal Law § 400.00 is the exclusive statutory mechanism for the licensing of firearms in New York State. Under subdivision (2) (f) of that section, a licensing officer is empowered to issue the so-called "carry license”, which authorizes a licensee to have a pistol or revolver and carry it concealed, "when proper cause exists for the issuance thereof’.
 

 Petitioner Eddy sought a carry license from the Herkimer County licensing officer, stating in her application that she
 
 *921
 
 intended to use a pistol for "hunting and target shooting”. The officer issued the license with the notation that it was "issued for hunting, fishing & target practice”. Petitioner O’Connor sought a carry license from the Westchester County licensing officer, indicating that he wanted to use a weapon in "hunting, target shooting and protection of property and person”. The officer issued the license with a notation that it was "restricted to target shooting, hunting only”.
 

 In each matter, petitioner argues that the restriction should be removed from the license because the statute does not expressly empower licensing officers to impose conditions. We agree with the courts below that the licensing officers’ power to determine the existence of "proper cause” for the issuance of a license necessarily and inherently includes the power to restrict the use to the purposes that justified the issuance. Without such a power to condition, the licensing officer’s authority to allow possession of a handgun only for proper cause would be rendered meaningless and the obvious regulatory purpose of the statute would be frustrated.
 

 Moreover, petitioners’ argument is inconsistent with the regulatory scheme of Penal Law § 400.00. The other licenses allowed by the statute are narrowly circumscribed to the circumstances justifying their issuance
 
 (see, e.g.,
 
 subd [2] [a] [license to possess in dwelling]; [b] [license to possess in place of business]; [e] [license to possess during certain employment]). Were we to read the carry license of subdivision (2) (f) to allow possession of firearms generally once good cause was shown, there would be no reason for applicants to seek the more restrictive licenses enumerated in the statute when they could just as easily qualify for the broader carry license. Clearly, the legislative intent behind subdivision (2) (f) was to create a license coequal to the other licenses, not one that would render the other licenses superfluous.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 In each case: Judgment affirmed, with costs, in a memorandum.