*438
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 A licensing officer will issue a license to possess and carry a concealed firearm only when "proper cause exists” (see, Penal Law § 400.00 [2] [f]). Other than in New York City and Nassau and Suffolk Counties, where licenses are subject to renewal every three or five years, respectively, the procedure to amend a "carry concealed license” to add or delete weapons is by application to the licensing officer
 
 (see,
 
 Penal Law § 400.00 [9], [10]). In furtherance of both the regulatory and public safety purposes of Penal Law § 400.00, we hold that a licensing officer is authorized to engage in a "proper cause” inquiry when presented with an application to amend a carry concealed license.
 

 On March 31, 1987, Albany City Court granted petitioner’s application for a carry concealed license, restricted to hunting and target practice. In 1989, petitioner applied to amend his license to cover two additional firearms and remove the hunting and target shooting restrictions. On June 29, 1989, petitioner’s application was granted, without a proper cause inquiry, and he was issued an unrestricted carry concealed license for his two semiautomatic pistols and one revolver. In early 1990, petitioner again sought to amend his license to reflect the acquisition of another semiautomatic handgun. On February 1, 1990, the same licensing officer approved the amendment, again without conducting a proper cause inquiry.
 

 The third time petitioner applied to amend his license he sought to substitute one revolver for another and add another semiautomatic handgun, and requested the issuance of a license that conformed with the recently redesigned license format. This application was reviewed by a different licensing officer, who concluded that petitioner failed to demonstrate proper cause to hold an unrestricted carry concealed license under Penal Law § 400.00 (2) (f). Thus, the licensing officer granted petitioner’s application to amend his license to the extent of authorizing the addition of one weapon and deletion of one weapon — for a total of five firearms — and restricting the license to hunting and target shooting.
 

 Petitioner protested, and the licensing officer agreed to meet with him to consider his request for removal of the hunting and target shooting restrictions. According to the licensing officer, petitioner could not articulate any valid reason when he was asked why he needed to carry up to five concealed weapons at virtually any time. Indeed, petitioner informed the licensing
 
 *439
 
 officer that he wanted an unrestricted carry concealed license because "[i]t just makes me feel better.” The licensing officer adhered to the original determination that the proper cause shown by petitioner only supported a license restricted to hunting and target shooting.
 

 Petitioner challenged this determination in a CPLR article 78 proceeding, initiated in the Appellate Division pursuant to CPLR 506 (b) (1), to compel the licensing officer to remove the restrictions from petitioner’s license on the ground that the licensing officer was not authorized to modify his valid unrestricted license. Petitioner argued that under Penal Law § 400.00 (10) his unrestricted license remains "in force and effect until revoked” and the licensing officer improperly revoked the license issued by the prior licensing officer. The Appellate Division, with one Justice dissenting, granted the petition to the extent of directing the removal of the hunting and target shooting restrictions and the issuance of an unrestricted license, ruling that an application to amend a license "does not trigger the opportunity for another 'proper cause’ determination” (see,
 
 Matter of O’Brien v Keegan,
 
 207 AD2d 5, 7-8). We disagree, and now reverse.
 

 Eligibility for a license in the first instance or for renewal is contingent upon an investigation by the licensing officer, and a finding that all statements in the application are true (see, Penal Law § 400.00 [1]). Thus, as a threshold matter, the investigation of an applicant for a carry concealed license must yield "proper cause” to the licensing officer’s satisfaction for a license to issue (see, Penal Law § 400.00 [2] [f]). At the other end of the spectrum, the licensing officer is statutorily invested with the power to
 
 sua sponte
 
 revoke or cancel a license (see, Penal Law § 400.00 [11] [other than in New York City and Nassau and Suffolk Counties, a Judge or Justice of a court of record acts as the licensing officer]). This extraordinary power reposed in a licensing officer in and of itself supports respondent’s determination to restrict the scope of petitioner’s license.
 

 Additionally, we recently held that a licensing officer’s power to determine the existence of "proper cause” for the issuance of a license necessarily and inherently includes the power to restrict the use of a license to the purposes that justified its issuance
 
 (see, Matter of O’Connor v Scarpino,
 
 83 NY2d 919, 921). "Without such a power to condition, the licensing officer’s authority to allow possession of a handgun only for proper cause would be rendered meaningless and the obvious regulatory purpose of the statute would be frustrated”
 
 (id..).
 
 This ap
 
 *440
 
 plies with equal force to the licensing officer’s powers upon review of an application to amend a license. To find otherwise would nullify the purpose underlying a formal amendment procedure and conflict with the dual aims of Penal Law § 400.00.
 

 Under the circumstances of this case, it was not unreasonable for respondent to restrict petitioner’s license. While petitioner does not dispute that respondent was justified in inquiring about "changed circumstances,” petitioner insists that Penal Law § 400.00 (9) does not permit respondent to alter his license upon an application to amend, absent some "cause” related to his fitness to hold a firearm. Petitioner reads the statute too narrowly. Petitioner’s inability to demonstrate a need — or much less, any reason — for an unrestricted license, which would permit him to carry several concealed firearms, supports the licensing officer’s finding that there was no "proper cause” to justify an unrestricted carry concealed license. Consequently, the licensing officer’s restriction of petitioner’s license was neither arbitrary nor capricious, promoting both the regulatory and public safety aims of Penal Law § 400.00.
 

 Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Judgment reversed, etc.