■ In the Matter of VINCENT M. THEURER, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New

York, Respondent. [680 NYS2d 87] —Judgment, Supreme Court, New York County (David Saxe, J.), entered May 5, 1997, which denied petitioner's application to annul respondent's determination denying petitioner a "carry business" pistol license, and dismissed the petition, unanimously affirmed, without costs.

Denial of the license was rationally based upon a finding that petitioner failed to show "'proper cause'" for carrying a concealed weapon, i.e., "'a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession'" (*Matter of Kaplan v Bratton*, 249 AD2d 199, 201). While petitioner offered documentary support for his employer's cash business, he failed to show that he himself, rather than or in addition to the president of his company, who does have a carry business permit, frequently handles substantial amounts of cash. The mere fact that petitioner travels in high-crime areas to distribute petty cash to company employees and collect COD's does not establish proper cause (*supra; see, Matter of Milo v Kelly*, 211 AD2d 488; *Matter of Bernstein v Police Dept.*, 85 AD2d 574). Further, the circumstances surrounding petitioner's arrest for possession of a handgun in his home could be viewed by a rational factfinder as casting doubt upon petitioner's character and fitness to possess a pistol license. Concur—Lerner, P. J., Sullivan, Mazzarelli and Andrias, JJ.