■ In the Matter of ROBERT C. VAN VORSE, Petitioner, v JOSEPH TERESI, as Justice of the Supreme Court, Respondent. [685 NYS2d 133] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia*, direct respondent to remove certain restrictions placed upon petitioner's pistol license.

In December 1984, petitioner applied for a license to carry a concealed firearm for the purpose of hunting and target shooting. The licensing officer granted the application and, without indicating that he had conducted a proper cause inquiry or articulating any reason for the determination, issued petitioner an "unrestricted carry concealed license" which was subsequently amended several times to allow petitioner to carry nine additional weapons.

Petitioner's license was suspended in 1992 when he was charged in Florida with the crime of murder in the first degree, but the license was reinstated when the charge was subsequently withdrawn. Thereafter, in 1997, respondent suspended

petitioner's license based upon police information and the affidavit of an individual who claimed to have witnessed petitioner threaten other individuals. The scheduled revocation hearing was canceled when the individual refused to testify and, after affording petitioner an opportunity to be heard, respondent restored petitioner's license but restricted it to hunting and target practice. Petitioner thereafter commenced this CPLR article 78 proceeding to, *inter alia*, compel respondent to remove the restrictions from his license.

The petition should be dismissed. Initially, petitioner argues that under Penal Law § 400.00 respondent was without authority to impose restrictions upon his unrestricted carry concealed license absent evidence that petitioner was unfit to carry an unrestricted license. We disagree. A nearly identical argument was rejected in *Matter of O'Brien v Keegan* (87 NY2d 436), wherein the Court of Appeals held that when reviewing an application to amend an unrestricted carry concealed license, a licensing officer possesses the extraordinary authority to cancel, revoke or restrict the license if the license holder has not demonstrated proper cause for continuing the unrestricted license. Although in this case respondent was not reviewing an application to amend petitioner's license, the licensing officer's power to require a proper cause showing clearly extends to the determination of whether to reinstate a suspended unrestricted license. Any other conclusion would frustrate the regulatory and safety purposes underlying Penal Law § 400.00 (*see, id.*, at 439-440; *see also, Matter of O'Connor v Scarpino*, 83 NY2d 919).

Finally, our review of the record reveals ample support for the restrictions placed upon petitioner's license. Contrary to petitioner's contention, respondent was not precluded from considering the dismissed murder charge when restricting his license (*see generally, Matter of County of Westchester v D'Ambrosio*, 244 AD2d 334; *Matter of Saccoccio v Lange*, 194 AD2d 794). Moreover, given that petitioner failed to allege a need for an unrestricted license and that hunting and target shooting were the purposes which originally justified the issuance of petitioner's license, we cannot conclude that respondent's restriction of petitioner's license was arbitrary and capricious (*see, Matter of O'Brien v Keegan, supra*, at 439; *Matter of O'Connor v Scarpino, supra*, at 921). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.