■ In the Matter of JOSEPH BANDO, Petitioner, v W. HOWARD SULLIVAN, as Chenango County Judge, Respondent. [735 NYS2d 660] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for an unrestricted pistol permit.

Petitioner commenced this CPLR article 78 proceeding, initiated in this Court (*see,* CPLR 506 [b] [1]), challenging respondent's issuance of a carry-concealed pistol license (*see,* Penal Law § 400.00 [2] [f]) restricted to "hunting and target practice." Petitioner essentially challenges the attachment of restrictions to the license, contending that he needs an unrestricted license to start a private security business and use his state watch guard license (*see,* General Business Law art 7).

Petitioner, an unemployed former security guard, applied for a carry-concealed license in October 2000, disclosing that he had been arrested in 1996 and charged with criminal solicitation in the second degree and conspiracy in the second degree, charges later dismissed and that, in 1999, the New York City Police Department denied his request for a carry-concealed pistol permit for failure to document need. Respondent reviewed all materials in petitioner's file and then personally interviewed him on March 6, 2001, observing his demeanor and temperament, and giving petitioner the opportunity to explain the circumstances surrounding his prior arrest and the New York City permit denial, his need for the permit and intent to open a private security business in Chenango County. With respondent's permission, petitioner thereafter submitted additional related materials for consideration.

By letter dated March 26, 2001, respondent approved issuance of petitioner's permit but indicated that it was "limited to hunting and target practice." Petitioner's attorney submitted a letter to respondent requesting an explanation or reasons for

the restrictions and a hearing. Respondent then issued a letter decision stating that, based upon his review of petitioner's file and interview, petitioner had not shown "proper cause" to carry a concealed firearm as required by Penal Law § 400.00 (2) (f), citing the dismissed charges and permit denial. Respondent also determined that petitioner's planned security business, which contemplated responding to a customer's alarm as an armed civilian, would pose a "greater hazard" to responding law enforcement.

It is well settled that respondent has broad discretion as a licensing officer to determine whether "proper cause" exists to issue a carry-concealed pistol license (Penal Law § 400.00 [2] [f]) and may deny, revoke or limit a pistol license for any "good cause" (*see, Matter of Boyark v Czajka*, 248 AD2d 772; *Matter of Eddy v Kirk*, 195 AD2d 1009, 1010, *affd* 83 NY2d 919; *Matter of Anderson v Mogavero*, 116 AD2d 885; *see also,* Penal Law § 400.00 [1] [g]), a determination that will not be disturbed unless it is arbitrary and capricious (*see, Matter of Eddy v Kirk, supra,* at 1010-1011; *see also, Matter of O'Brien v Keegan*, 87 NY2d 436, 440; *Matter of King v Ingraham,* 113 AD2d 977; *Matter of Davis v Clyne*, 58 AD2d 947, *lv denied* 44 NY2d 646). The burden was on petitioner to establish the requisite "proper cause" for the issuance of a "full-carry" permit under Penal Law § 400.00 (2) (f) (*see, Matter of Eddy v Kirk, supra,* at 1011; *see also, Matter of O'Connor v Scarpino*, 83 NY2d 919, 921; *Matter of Bernstein v Police Dept. of City of N.Y.*, 85 AD2d 574) and "[respondent's] power to determine the existence of 'proper cause' for the issuance of a license necessarily and inherently includes the power to restrict the use [of a license] to the purposes that justified the issuance" (*Matter of O'Connor v Scarpino, supra,* at 921; *see, Matter of O'Brien v Keegan, supra,* at 439).

Here, prior to his application being denied, petitioner was afforded ample opportunity to submit evidence in support of his application, to explain in person and in writing his arrest record, permit denial and business plans, and to respond to all factors considered and issues raised by respondent (*see, Matter of Demyan v Monroe*, 108 AD2d 1004, 1005; *contrast, Matter of Novick v Hillery*, 183 AD2d 1007, 1007-1008; *Matter of Lukovic v Cahill*, 130 AD2d 751, 752; *Matter of Savitch v Lange*, 114 AD2d 372, 373; *Matter of Bobrick v Leggett*, 71 AD2d 869, 870; *Matter of Guida v Dier*, 54 AD2d 86, 87). Respondent was not precluded from considering the dismissed criminal charges in restricting the license (*see, Matter of Van Vorse v Teresi*, 257 AD2d 938, 939) and petitioner was not entitled to a formal evi-

dentiary hearing (*see, Matter of Dlugosz v Scarano,* 255 AD2d 747, 748, *appeal dismissed* 93 NY2d 847, *lv denied* 93 NY2d 809, *cert denied* 528 US 1079; *Matter of DiMonda v Bristol,* 219 AD2d 830, 831). Respondent "specifically and concisely" articulated the reasons for the restrictions (*see,* Penal Law § 400.00 [4-a]; *Matter of Boyark v Czajka,* 248 AD2d 772, *supra; Matter of DiMonda v Bristol, supra; cf., Davis v Clyne,* 72 AD2d 862, 863) and found that petitioner failed to demonstrate "a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession" (*Matter of Klenosky v New York City Police Dept.,* 75 AD2d 793, 793, *affd* 53 NY2d 685; *see, Matter of Bernstein v Police Dept. of City of N.Y.,* 85 AD2d 574, *supra*), i.e., "proper cause" for an unrestricted permit (*see,* Penal Law § 400.00 [2] [f]). Consequently, respondent's restriction of petitioner's license was neither arbitrary nor capricious (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.