In the Matter of PHILIP B. BLANK, JR., Petitioner, v LESTER B. ADLER, Justice of the Supreme Court, Westchester County, et al., Respondents. [903 NYS2d 449]—

Proceeding pursuant to CPLR article 78 (1) to review a determination of the respondent Lester B. Adler, a Justice of the Supreme Court, Westchester County, dated August 6, 2009, which, in effect, upon reconsideration, adhered to an original determination in an order dated July 16, 2009, denying the petitioner's application for a pistol license, and (2) in the nature of prohibition, inter alia, to prohibit the respondent Thomas Belfiore, the Commissioner of the Westchester County Department of Public Safety, from abusing his authority as the officer of an investigative agency under Penal Law § 400.00 (4). Motion by the respondent Thomas Belfiore, the Commissioner of the

Westchester County Department of Public Safety, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition insofar as asserted against him for failure to state a cause of action.

Adjudged that the proceeding is dismissed insofar as asserted against the respondent Thomas Belfiore, as the Commissioner of the Westchester County Department of Public Safety, for lack of subject matter jurisdiction; and it is further,

Adjudged that the determination of the respondent Lester B. Adler, a Justice of the Supreme Court, Westchester County, dated August 6, 2009, is confirmed, that branch of the petition which was to annul the determination dated August 6, 2009, is denied, and the proceeding is dismissed on the merits insofar as asserted against that respondent; and it is further,

Ordered that the motion is denied as academic in light of the dismissal of the proceeding insofar as asserted against the respondent Thomas Belfiore, the Commissioner of the Westchester County Department of Public Safety; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner failed to demonstrate "proper cause" for the issuance of a so-called "full carry" pistol license (*see* Penal Law § 400.00 [2] [f]; *Matter of Kachalsky v Cacace*, 65 AD3d 1045 [2009]; *Matter of Hecht v Bivona*, 11 AD3d 614 [2004]; *see also Matter of Theurer v Safir*, 254 AD2d 89, 90 [1998]; *Matter of Kaplan v Bratton*, 249 AD2d 199, 201 [1998]; *Matter of Fondacaro v Kelly*, 234 AD2d 173, 173 [1996]; *Matter of Tartaglia v Kelly*, 215 AD2d 166, 166 [1995]; *Matter of Milo v Kelly*, 211 AD2d 488, 488-489 [1995]; *Matter of Bernstein v Police Dept. of City of N.Y.*, 85 AD2d 574 [1981]; *Matter of Klenosky v New York City Police Dept.*, 75 AD2d 793, 793 [1980], *affd* 53 NY2d 685 [1981]). Accordingly, the determination of the respondent Lester B. Adler, a Justice of the Supreme Court, Westchester County, in effect, upon reconsideration, denying the petitioner's application for such a pistol license was not arbitrary and capricious and should not be disturbed (*see Matter of O'Brien v Keegan*, 87 NY2d 436, 439 [1996]; *Matter of Kachalsky v Cacace*, 65 AD3d 1045 [2009]; *Matter of Hecht v Bivona*, 11 AD3d at 614; *Matter of Sarro v Smith*, 8 AD3d 395 [2004]).

Moreover, to the extent that the petition seeks relief against the respondent Thomas Belfiore, the Commissioner of Westchester County Department of Public Safety, that branch of petition must be dismissed for lack of subject matter jurisdiction, and the proceeding must be dismissed insofar as asserted against Belfiore (*see Matter of Nolan v Lungen*, 61 NY2d 788, 789 [1984]; *Matter of Ruiz v Goord*, 39 AD3d 866, 867 [2007];

*Matter of Churuti v Devane*, 29 AD3d 1139, 1142 [2006]; *Matter of Card v Siragusa*, 214 AD2d 1022, 1023-1024 [1995]; *Matter of New York State Rifle & Pistol Assn. v City of Mount Vernon*, 148 AD2d 616, 618 [1989]; *Matter of Williams v Shanley*, 138 AD2d 885, 886 [1988]; *cf. Matter of Moss v Spitzer*, 19 AD3d 599, 600 [2005]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Balkin, Hall and Lott, JJ., concur.