■ In the Matter of ROBERT SANTAGATA, Appellant, v LORI CURRIER-WOODS, Respondent. [921 NYS2d 868]—

In a proceeding pursuant to CPLR article 78 to review a determination of Lori Currier-Woods, a Judge of the Family Court, Orange County, dated November 5, 2008, which, in effect, upon reargument, adhered to a prior determination dated September 29, 2008, denying the petitioner's application for a pistol license, the petitioner appeals from a judgment of the Supreme Court,

Orange County (Owen, J.), dated August 4, 2009, which, upon a decision of the same court dated April 29, 2009, denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

A pistol licensing officer (hereinafter the respondent) denied the petitioner's application for a "full carry" pistol license on the grounds that the petitioner failed to demonstrate proper cause for the issuance of such a license (*see* Penal Law § 400.00 [2] [f]; *Matter of Klenosky v New York City Police Dept.*, 75 AD2d 793 [1980], *affd* 53 NY2d 685 [1981]; *see also Matter of Blank v Adler*, 74 AD3d 802 [2010]; *Matter of Hecht v Bivona*, 11 AD3d 614 [2004]; *Matter of Martinek v Kerik,* 294 AD2d 221 [2002]; *Matter of Theurer v Safir*, 254 AD2d 89 [1998]) and that good cause existed for the denial of the license because the petitioner lacked the requisite good moral character (*see* Penal Law § 400.00 [1] [b], [g]; *Matter of Velez v DiBella*, 77 AD3d 670 [2010]). As the Supreme Court correctly determined, there was a rational basis for the respondent's determination, and that determination was not arbitrary and capricious (*see Matter of Velez v DiBella*, 77 AD3d 670 [2010]; *Matter of Blank v Adler*, 74 AD3d 802 [2010]; *Matter of Kachalsky v Cacace*, 65 AD3d 1045 [2009]).

The petitioner contends, in effect, that the licensing eligibility requirements of Penal Law § 400.00 (1), as applied to him in this case, infringe upon his right to keep and bear arms, guaranteed by the Second and Fourteenth Amendments to the United States Constitution and, thus, the respondent's determination was affected by an error of law. This contention is without merit. The decisions upon which the petitioner relies (*see McDonald v Chicago*, 561 US —, 130 S Ct 3020 [2010]; *District of Columbia v Heller*, 554 US 570 [2008]) are distinguishable on the ground, among others, that they involved the rights of individuals to possess handguns in their homes, whereas the permit sought by the petitioner in this case would permit him to carry a pistol "concealed [and] without regard to employment or place of possession" (Penal Law § 400.00 [2] [f]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding on the merits. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.