In the Matter of WERNER S. GRAEFE, Petitioner, v COUNTY OF WESTCHESTER et al., Respondents. [924 NYS2d 833]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Robert K. Holdman, a Judge of the County Court, Westchester County, entered October 13, 2010, which, without a hearing, revoked the petitioner's pistol license. Motion by the respondent County of Westchester to dismiss the petition for failure to state a cause of action insofar as asserted against it.

Ordered that the motion is granted; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the petitioner's contention, Penal Law § 400.00 (11) authorized the respondent Robert K. Holdman (hereinafter the respondent), as a Judge of the County Court, to revoke the petitioner's license to possess a pistol or revolver, even in the absence of any proof that such license had been automatically revoked as a result of the petitioner's conviction of a felony or serious offense (see Matter of Dorsey v Teresi, 26 AD3d 635, 636 [2006]; Matter of Peterson v Kavanagh, 21 AD3d 617, 617-618 [2005]; Matter of Biganini v Gallagher, 293 AD2d 603, 603-604 [2002]; Matter of Romanoff v Lange, 281 AD2d 551, 551-552 [2001]; Matter of Porter v Kelly, 272 AD2d 333 [2000]; Matter of Moulton v City of New York, 271 AD2d 337, 337 [2000]; Matter of Davi v Cosgrove, 211 AD2d 788, 788-789 [1995]; Matter of Marlow v Buckley, 105 AD2d 1160, 1160 [1984]). Moreover, the evidence credited by the respondent supports the conclusion that the petitioner does not possess the moral character or temperament necessary to possess a firearm. Thus, the respon-

dent's determination to revoke the petitioner's firearm license had a rational basis and was not arbitrary or capricious (*see Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003]; *Matter of Panaro [County of Westchester]*, 250 AD2d 616, 616 [1998]; *see also Matter of Saccoccio v Lange*, 194 AD2d 794, 794-795 [1993]; *Matter of County of Westchester v D'Ambrosio*, 244 AD2d 334, 334 [1997]).

The County of Westchester and the Attorney General of the State of New York are not proper parties to this proceeding (*see Matter of Romanoff v Lange*, 281 AD2d 551, 552 [2001]; Penal Law § 265.00 [10]; § 400.00 [1], [3], [10]).

The parties' remaining contentions are without merit or not properly before this Court. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.