■ In the Matter of JASON MARINO, Petitioner, v JAMES W. HUBERT, Respondent. [985 NYS2d 706]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, James W. Hubert, a Judge of the County Court, Westchester County, entered January 3, 2013, which denied the petitioner's application for a pistol license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner sought a "carry concealed" pistol license. This type of license is defined by Penal Law § 400.00 (2) (f) as a "license for a pistol or revolver . . . issued to . . . have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof." "A [pistol] licensing officer has broad discretion in determining whether 'proper cause' exists for the issuance of a 'carry concealed' license" (*Matter of Sarro v Smith*, 8 AD3d 395, 395 [2004], quoting Penal Law § 400.00 [2] [f]; *see Matter of Santagata v Currier-Woods*, 84 AD3d 821 [2011]). A licensing officer's determination regarding proper cause will not be disturbed unless it is arbitrary and capricious (*see Matter of O'Brien v Keegan*, 87 NY2d 436, 440 [1996]; *Matter of Kachalsky v Cacace*, 65 AD3d 1045, 1045 [2009]; *Matter of Bando v Sullivan*, 290 AD2d 691, 692 [2002]).

Here, as the respondent correctly contends, the petitioner never asserted or made any showing that proper cause exists for the issuance to him of a carry concealed license. Contrary to the petitioner's claim that he did not apply for such a license, the record shows that he checked the appropriate box on the application form to indicate that he sought a carry concealed license. Thus, the respondent's determination that the petitioner failed to demonstrate any proper cause for the issuance of a carry concealed license was not arbitrary and capricious, and should not be disturbed (*see Matter of Kachalsky v Cacace*, 65 AD3d at 1045; *Matter of Hecht v Bivona*, 11 AD3d 614, 614 [2004]). Since the petitioner did not apply for a "residence only" license, there is no merit to his contention that the respondent's failure to grant him such a license was arbitrary and capricious.

Moreover, Penal Law § 400.00 (1), which sets forth the eligibility requirements for obtaining a pistol license, requires, inter alia, that the applicant be a person "concerning whom no good cause exists for the denial of the license" (Penal Law former § 400.00 [1] [g], now § 400.00 [1] [n]). "A pistol licensing officer

has broad discretion in ruling on permit applications and may deny an application for any good cause" (*Matter of Orgel v DiFiore*, 303 AD2d 758, 758 [2003]; *see Matter of Velez v DiBella*, 77 AD3d 670, 670 [2010]; *Matter of Gonzalez v Lawrence*, 36 AD3d 807, 808 [2007]; Penal Law former § 400.00 [1] [g], now § 400.00 [1] [n]). Contrary to the petitioner's contention, the respondent's determination that good cause existed to deny his application based upon the petitioner's criminal history, the unexplained "uncharacterized" discharge of the petitioner from the armed services, and the petitioner's admitted history of mental illness, was also not arbitrary and capricious, and should not be disturbed (*see Matter of Gonzalez v Lawrence*, 36 AD3d at 808; *Matter of Peric v New York City Police Dept., License Div., Rifle/Shotgun Section*, 5 AD3d 142 [2004]).

We reject the petitioner's implicit claim that the respondent failed to comply with "the requirement set forth in Penal Law § 400.00 (4-a) that he state in writing the specific reasons for his denial of the petitioner's application for a pistol permit" (*Matter of Pacis v Nelson*, 224 AD2d 698, 698 [1996]; *see* Penal Law § 400.00 [4-a]). The respondent, in his decision and order, more than adequately set forth his reasons for denying the petitioner's application. As such, the respondent's written decision denying the application demonstrates that he fully complied with the requirements of Penal Law § 400.00 (4-a). Thus, contrary to the petitioner's contention, he was provided with an adequate explanation of the reasons for the denial of his application that allowed him to intelligently reargue the grounds for his application before the respondent, which the petitioner elected not to do (*see e.g. Matter of Velez v DiBella*, 77 AD3d 670 [2010]; *Matter of Blank v Adler*, 74 AD3d 802 [2010]).

There is no merit to the petitioner's contention that the respondent deprived him of an opportunity to be heard before denying the application. An applicant for a pistol license is not automatically entitled to a hearing (*see e.g. Matter of Graefe v County of Westchester*, 85 AD3d 789 [2011]; *Matter of Bando v Sullivan*, 290 AD2d 691, 692-693 [2002]). The record demonstrates that the petitioner was not entitled to a formal evidentiary hearing, and that he was nonetheless afforded ample opportunity to submit evidence in support of his application (*see Matter of Bando v Sullivan*, 290 AD2d at 692-693). Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.