Matter of McCarthy v Sini (2019 NY Slip Op 03787)





Matter of McCarthy v Sini


2019 NY Slip Op 03787


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-05749
 (Index No. 344/17)

[*1]In the Matter of Sean McCarthy, appellant,
v
Timothy Sini, etc., respondent.


Michael C. Sordi, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Michael J. Petre of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Police Commissioner of Suffolk County dated December 20, 2016, which upheld a determination of the Commanding Officer of the Pistol Licensing Bureau of the County of Suffolk Police Department dated November 11, 2016, denying the petitioner's application for a full, unrestricted concealed weapon carry pistol license, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 29, 2017. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Police Commissioner of Suffolk County (hereinafter the Commissioner) upholding the denial of the petitioner's application for a full, unrestricted concealed weapon carry pistol license, also known as a "full carry" pistol license. In a judgment dated March 29, 2017, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
The type of pistol license sought by the petitioner is defined by Penal Law § 400.00(2)(f) as a "license for a pistol or revolver . . . issued to . . . have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof." "A [pistol] licensing officer has broad discretion in determining whether proper cause' exists for the issuance of a carry concealed' license" (Matter of Sarro v Smith, 8 AD3d 395, 395, quoting Penal Law § 400.00[2][f]; see Matter of Marino v Hubert, 117 AD3d 829; Matter of Bando v Sullivan, 290 AD2d 691, 692; Matter of Bernstein v Police Dept. of City of N.Y., 85 AD2d 574). A licensing officer's determination will not be disturbed unless it is arbitrary and capricious (see Matter of O'Brien v Keegan, 87 NY2d 436, 440; Matter of Kachalsky v Cacace, 65 AD3d 1045, 1045; Matter of Bando v Sullivan, 290 AD2d at 692). Here, we agree with the Supreme Court's determination that the Commissioner's determination upholding the denial of the petitioner's application for a full carry pistol license was not arbitrary and capricious (see Matter of Santagata v Currier-Woods, 84 AD3d 821, 822; Matter of Kachalsky v Cacace, 65 AD3d at 1045; Matter of Hecht v Bivona, 11 AD3d 614, 614).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court