Matter of Campisi v Shea (2022 NY Slip Op 00938)





Matter of Campisi v Shea


2022 NY Slip Op 00938


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 153703/20 Appeal No. 15279 Case No. 2021-00215 

[*1]In the Matter of Joseph Campisi, Petitioner-Appellant,
v
Dermont F. Shea etc., Respondent-Respondent.


Law Offices of John D. Randazzo, White Plains (John D. Randazzo of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.) entered on or about December 8, 2020, denying the petition to annul respondent's determination, dated January 13, 2020, which denied petitioner's administrative appeal of the denial of his application to renew a special carry handgun license, and dismissing the proceeding brought under CPLR article 78, unanimously affirmed, without costs.
The court properly determined that the denial of petitioner's renewal application was not arbitrary and capricious. In the absence of documentation substantiating the alleged threats to petitioner, respondent rationally concluded that petitioner's application did not establish "proper cause" within the meaning of Penal Law § 400.00, (38 RCNY 5-03; see Matter of Baldea v City of New York License Div. of the NYPD, 194 AD3d 634, 634 [1st Dept 2021]; Matter of Girandola v Shea, 193 AD3d 543, 543 [1st Dept 2021]).
Petitioner also failed to carry his burden of establishing that respondent failed to follow precedent because other applications based on essentially the same facts were approved. On the contrary, the record does not indicate that the other applications were similarly situated (see e.g. Matter of Coverco, Inc. v New York State Dept. of Economic Dev., 159 AD3d 1538, 1539 [4th Dept 2018]). Moreover, there were material differences between petitioner's prior application and the renewal application, supporting respondent's denial of the renewal application. In any event, although petitioner was previously granted a license, respondent is authorized to review renewal applications and determine whether each renewal application establishes that "proper cause" still exists (Penal Law § 400.00; 38 RCNY 5-03, 5-05; see O'Brien v Keegan, 87 NY2d 436, 439 [1996]; Baldea at 634; Girandola at 543).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022