Matter of Fata v Shea (2022 NY Slip Op 03070)

Matter of Fata v Shea

2022 NY Slip Op 03070

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Index No. 155882/20 Appeal No. 15898 Case No. 2021-02308 

[*1]In the Matter of Roberto Fata, Petitioner-Appellant,
v
Dermot F. Shea, as the Statutorily Designated Firearms Licensing Officer, etc., Respondent-Respondent.

The Law Offices of John D. Randazzo, White Plains (William Thomas of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation counsel, New York (Jonathan A. Popolow of counsel), for respondent.

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered June 14, 2021, denying the petition to annul respondent's determination, dated October 1, 2020, which denied petitioner's application to renew his Limited Carry Business handgun license and denied his request that his license be upgraded, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Issuance of a handgun license is subject to respondent Police Commissioner's broad discretion, review of which is limited to deciding whether respondent's actions were arbitrary and capricious (see Kaplan v Bratton, 249 AD2d 199, 201 [1st Dept 1998]). The court properly determined that respondent's denial of petitioner's renewal application was not arbitrary. Respondent rationally concluded that petitioner's documentation of alleged threats was insufficient to establish "proper cause" within the meaning of Penal Law § 400.00, as it only showed isolated calls to petitioner, which, following a police investigation including an interview with petitioner, were found not to require further investigation (see 38 RCNY 5-03[b]). Petitioner submitted no other documentation sufficient to substantiate his claim that he received threats to his life or safety (see Matter of Baldea v City of New York License Div. of the NYPD, 194 AD3d 634, 634 [1st Dept 2021], lv denied 37 NY3d 918 [2022]). Assuming that petitioner is correct that his business is located in a high crime area, that alone does not establish "proper cause" for the issuance of a license, especially where petitioner has not produced documentation substantiating particular threats or other extraordinary danger to his personal safety (see 38 RCNY 5-03[b]; Matter of Martinek v Kerik, 294 AD2d 221, 221-222 [1st Dept 2002], lv denied 98 NY2d 613 [2002]).
While petitioner produced some evidence of occasional cash deposits, they were infrequent and amounted to, at most, an average of one or two deposits per week. Respondent also rationally concluded that this was insufficient to establish proper cause (see 38 RCNY 5-03[a]; Matter of Milo v Kelly, 211 AD2d 488, 488-489 [1st Dept 1995]).
Contrary to petitioner's contention, respondent's previous approvals of his applications do not render arbitrary the denial of this renewal. Respondent is authorized to review renewal applications and determine whether each individual renewal application establishes that "proper cause" still exists (Penal Law § 400.00[2][f]; 38 RCNY 5-03; see Matter of O'Brien v Keegan, 87 NY2d 436, 439 [1996]; Matter of Campisi v Shea, 202 AD3d 502 [1st Dept 2022]). Respondent rationally concluded that
this renewal application did not establish "proper cause" (see Campisi, 202 AD3d 502; Baldea, 194 AD3d 634; Matter of Girandola v Shea, 193 AD3d 543, 543 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022