Matter of Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs (2022 NY Slip Op 04803)

Matter of Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs

2022 NY Slip Op 04803

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-11540
 (Index No. 1303/18)

[*1]In the Matter of Forbes & Associates, LLC, et al., appellants, 
v
Nassau County Department of Consumer Affairs, respondent.

Frank J. Livoti, P.C., Mineola, NY, for appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert Van der Waag and Jackie L. Gross of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Department of Consumer Affairs dated July 9, 2018, which affirmed a determination of a hearing officer dated May 8, 2018, made after a hearing, directing the petitioners to pay certain penalties, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated April 18, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On or about April 6, 2016, the petitioners entered into a contract with homeowner Patricia Vezzi to perform work on her two bedroom, one bathroom house. The house had been damaged during Hurricane Sandy, and the work to be done included lifting and raising the house, gutting the inside entirely and building new studs and framing, installing new plumbing, heating, air conditioning, and electrical, and installing a new bathroom and kitchen. Pursuant to the contract, Vezzi was responsible for paying a portion of the cost of the construction and an entity called New York Rising was responsible for the rest.
In June 2017, Vezzi filed a complaint with the Nassau County Department of Consumer Affairs (hereinafter the DCA) wherein she alleged that all work on the house had stopped in October 2016, the house remained unfinished, and it had been left open to the elements and had sustained further damage. In July 2017, Vezzi retained a licensed home inspector to inspect the house. In his report, the inspector stated that he had found poor workmanship and that the exterior walls had not been wrapped with house wrap to protect the house, resulting in water penetrating the interior, and black mold forming.
The DCA directed the petitioners to appear at a hearing. Following the hearing, the hearing officer issued a determination dated May 8, 2018, directing the petitioners to reimburse Vezzi for her out-of-pocket expenses in the amount of $109,796.45, and to reimburse New York Rising in the amount of $98,993, the amount New York Rising had contributed to the project. The petitioners appealed the hearing officer's determination to the Commissioner of the DCA (hereinafter the Commissioner), who affirmed the determination. The petitioners then commenced this proceeding to review the Commissioner's determination. The Supreme Court denied the petition and dismissed the proceeding, and the petitioners appeal.
The petitioners contend that the Commissioner's determination was arbitrary and capricious. "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of McCollum v City of New York, 184 AD3d 838, 840).
Here, the Commissioner's determination had a rational basis and was not arbitrary and capricious. The evidence submitted at the hearing established that the petitioners were neither licensed nor insured to perform the work described in the contract, and that they were not permitted to use subcontractors. The evidence further established that the petitioners had already been paid a total of $208,789.45, which represented 70% of the total contract price, and yet they stopped working on the project and left the house open to the elements because, they claimed, the homeowner would not pay $400 for a survey. Under these circumstances, the penalty imposed by the hearing officer, that the petitioners repay the $208,789.45 they had already received, was not "so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Idahosa v Farmingdale State Coll., 97 AD3d 580, 581; see Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 230-235).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court