Matter of Cambronne v Russo (2023 NY Slip Op 04121)

Matter of Cambronne v Russo

2023 NY Slip Op 04121

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-05038

[*1]In the Matter of George Cambronne, petitioner,
v
Kevin F. Russo, etc., respondent.

Kevin T. Conway, New City, NY, for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Kevin F. Russo, a Judge of the County Court, Rockland County, dated March 15, 2021, which denied, without a hearing, the petitioner's application for a pistol permit.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondent for a new determination of the petitioner's application for a pistol permit in accordance herewith.
The petitioner filed an application for a residential/sportsman pistol permit. In a determination dated March 15, 2021, the respondent, Kevin F. Russo, a Judge of the County Court, Rockland County, denied the petitioner's application without a hearing, based upon the petitioner's prior arrest when he was 19 years old in connection with a weapon possession charge. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination, alleging, among other things, that the determination was arbitrary and capricious.
The standard for reviewing the denial of a pistol permit application is whether the determination was arbitrary and capricious (see Matter of O'Brien v Keegan, 87 NY2d 436, 440; Matter of DeSandre v Blackwood, 162 AD3d 1015, 1016; Matter of Blank v Adler, 74 AD3d 802). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs, 208 AD3d 480, 481). Penal Law § 400.00(1), which sets forth the eligibility requirements for obtaining a pistol permit, requires, inter alia, that the applicant be of good moral character with no prior convictions of a felony or serious offense (see id. § 400.00[1][b], [c]; Matter of Armacida v Reitz, 141 AD3d 713, 714; Matter of Karagolian v Walsh, 107 AD3d 715, 715).
Here, the respondent's determination denying the petitioner's application for a pistol permit was arbitrary and capricious (see Matter of DeSandre v Blackwood, 162 AD3d at 1016-1017). Although the respondent was entitled to consider the petitioner's prior arrest, the circumstances thereof did not, under the particular facts of this case, warrant the denial of the petitioner's application. The record reflects, among other things, that the petitioner properly disclosed his arrest in his application, that the weapon in question belonged to a hitchhiker the petitioner picked up while driving his vehicle when he was 19 years old, that an investigation by the District Attorney's office determined that the weapon belonged to the hitchhiker, that the petitioner testified before a grand jury in connection with the subject matter, that the grand jury entered a no true bill against the petitioner, and that the petitioner has no other criminal record in the 23 years between his single [*2]arrest and the date of the pistol permit application. Further, based upon the record before us, it is apparent that the respondent did not give the petitioner an opportunity to respond to the stated objections to his pistol permit application (see Matter of Babu v Lange, 164 AD2d 910, 911).
Accordingly, we annul the determination denying the petitioner's application for a pistol permit and remit the matter to the respondent to afford the petitioner the opportunity to respond to the stated objections to his pistol permit application, after which the respondent shall make a new determination of the petitioner's application.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court