Matter of Maher v Hyun Chin Kim (2024 NY Slip Op 00425)

Matter of Maher v Hyun Chin Kim

2024 NY Slip Op 00425

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-04262

[*1]In the Matter of Gregory D. Maher, petitioner,
v
Hyun Chin Kim, etc., respondent.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Yuval Rubinstein of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Hyun Chin Kim, a Judge of the County Court, Orange County, dated January 24, 2023, which denied, without a hearing, the petitioner's application for a pistol permit.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondent for a new determination of the petitioner's application for a pistol permit in accordance herewith.
The petitioner filed an application for a pistol permit. In a determination dated January 24, 2023, the respondent, Hyun Chin Kim, a Judge of the County Court, Orange County, denied the petitioner's application without a hearing, based upon the petitioner's prior arrests. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination.
The standard for reviewing the denial of a pistol permit application is whether the determination was arbitrary and capricious (see Matter of Cambronne v Russo, 219 AD3d 484, 485; Matter of DeSandre v Blackwood, 162 AD3d 1015, 1016; Matter of Blank v Adler, 74 AD3d 802). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs, 208 AD3d 480, 481). Penal Law § 400.00(1), which sets forth the eligibility requirements for obtaining a pistol permit, requires, inter alia, that the applicant be of good moral character with no prior convictions of a felony or serious offense (see id. § 400.00[1][b], [c]; Matter of Armacida v Reitz, 141 AD3d 713, 714; Matter of Karagolian v Walsh, 107 AD3d 715, 715).
Here, the respondent's determination denying the petitioner's application for a pistol permit without a hearing was arbitrary and capricious (see Matter of Cambronne v Russo, 219 AD3d at 485; Matter of DeSandre v Blackwood, 162 AD3d at 1016-1017). Although the respondent was entitled to consider the petitioner's prior arrests, the record reflects, among other things, that none of the petitioner's arrests involved violent crimes or a weapon. The record also contains the petitioner's explanation of the circumstances surrounding his prior arrests; his activities since, which include employment, home ownership, charitable work, and abstinence from alcohol; evidence of the petitioner's having successfully completed a firearms course; and the opinion of a psychologist [*2]that the petitioner has no current risk factors that renders him unsuitable to own and carry a firearm. Further, based upon the record before us, it is apparent that the respondent did not give the petitioner an opportunity to respond to the stated objections to his pistol permit application (see Matter of Cambronne v Russo, 219 AD3d at 485; Matter of Babu v Lange, 164 AD2d 910, 911).
Accordingly, we annul the determination denying the petitioner's application for a pistol permit and remit the matter to the respondent to afford the petitioner the opportunity to respond to the stated objections to his pistol permit application at a hearing, after which the respondent shall make a new determination of the petitioner's application. In remitting this matter to the respondent for a new determination, we express no opinion as to the merits of the new determination.
In light of the foregoing, the petitioner's remaining contentions are rendered academic.
CHAMBERS, J.P., VOUTSINAS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court